## FULKS v. SMITH.
### No. 907.

Court of .Civil Appeals of Texas.   Waco.
Feb. 13, 1930.
Rehearing Denied March 6, 1930.

T. R. Mears, of Gatesville, for appellant.
R. B. Cross, of Gatesville, for appellee.

BARCUS, J.

Appellee instituted this suit against appellant in trespass to try title. The cause was tried to the court and resulted in judgment being entered for appellee for the 125 acres of land in controversy. It was agreed between the parties that the common source of title was in appellant, appellee's sole contention being that he had become the owner of the property under and by virtue of the sale of same under a deed of trust given by appellant to Waddell Insurance Company to secure a note in the sum of $6,000. Appellant admitted the execution of the note and the deed of trust.

By several propositions appellant contends the trial court was in error in admitting in evidence the deed from the trustee to appellee, her main contention being that the Kansas City Title & Trust Company, trustee, who appointed the substitute trustee in the deed of trust, was not authorized so to do. We overrule this contention. It appears that deed of trust was given by appellant to Waddell Insurance Company on February 26, 1926. It authorized the owner and holder of the note to appoint a substitute trustee if the trustee named therein failed or refused to serve. On March 9, 1926, the Waddell Insurance Company, in writing, transferred the note and deed of trust lien to the Kansas City Title & Trust Company, trustee. On January 4, 1929, Lynn B. Milam, the trustee named in said deed of trust, in writing resigned as such and refused to act. On January 5, 1929, Kansas City Title & Trust Company in writing appointed C. H. Brittan as substitute trustee, and on February 6, 1929, after due advertisement thereof, the property was sold by said substitute trustee to appellee. The various instruments above recited were duly recorded in the deed records of Coryell county and appear on their face to be regular.

Appellant further contends that there is fundamental error apparent of record, in that appellee did not show an unbroken title from the sovereignty. We overrule this contention. The parties agreed on a common source of title, and under article 7382 of the Revised Statutes, when this is done it is only necessary in a trespass to try title suit for the plaintiff to show title back to the common source.

Appellant further contends there is fundamental error, in that the judgment of the trial court did not dispose of her cross-

action. We overrule this contention. The cross-action of appellant was dependent entirely upon whether appellee had a superior title to the property. The trial court having found said fact to be true and rendered judgment for appellee, by implication disposed of her cross-action. In addition, the parties against whom appellant was seeking primarily to recover were not parties to the litigation, not having been cited, and the matter was not presented to the trial court or called to the attention of the trial court. It will be presumed that appellant had thereby waived any contention relative to her right to recover on said cross-action. Humble Oil & Refining Co. v. Johnston (Tex. Civ. App.) 5 S.W.(2d) 836, and authorities there cited; Southern Pacific Co. v. Ulmer (Tex. Com. App.) 286 S.W. 193; Trammell v. Rosen, 106 Tex. 132, 157 S. W. 1161.

■ Appellant further contends that appellee was not entitled to recover because it appears from the record that he was only holding the title for the Kansas City Title & Trust Company, trustee, and had no personal interest in the land. We overrule this contention. From the early decisions our courts have held that a person who has the naked legal title to land can maintain a suit in trespass to try title. Fitch v. Boyer, 51 Tex. 336; Lewis v. Brown, 39 Tex. Civ. App. 139, 87 S. W. 704 (error refused); Dean v. Jagoe, 46 Tex. Civ. App. 389, 103 S. W. 195 (error refused).

We have examined all of appellant's assignments of error and same are overruled. The judgment of the trial court is affirmed.