### DABNEY v. OWEN et al.
### No. 11753.

Court of Civil Appeals of Texas. Dallas.
Oct. 12, 1935.

■■■■■■■■■■■■■■■■■

Goggans & Ritchie and J. B. Stigall, Jr., all of Dallas, for appellant.

J. C. Muse, of Dallas, for appellees.

BOND, Justice.

The appellant instituted this suit in trespass to try title, to recover a tract of land previously sold under the power of a deed of trust. The appellees, M. G. Owen and wife, Margaret L. Owen, were the grantors in the deed of trust, conveying the land to R. A. Ritchie, trustee, with the Realty Trust Company as beneficiary.

On September 1, 1930, M. G. Owen and wife, Margaret L. Owen, executed and delivered to the Realty Trust Company five notes, four in the sum of $125 each, due, respectively, September 1, 1931, 1932, 1933, and 1934, and one note for $1,750, due September 1, 1935, each note having semiannual 6 per cent. interest coupons attached thereto. To secure the payment of said notes and interest coupons, the appellees executed a deed of trust to R. A. Ritchie, trustee.

Simultaneously with the making of the notes and deed of trust, above mentioned, Owen and wife executed another series of ten notes, aggregating the sum of $200, representing an additional 2 per cent. interest on the principal notes, due in numerical sequence on the 1st day of September of each year thereafter; and, at the same time, executed to R. A. Ritchie, trustee, a second deed of trust on the land, with the Realty Trust Company as beneficiary.

The principal notes and attached 6 per cent. interest coupons, with the first deed of trust lien, were assigned and set over by the Realty Trust Company to the State Life Insurance Company. Thereafter, on September 1, 1932, the semiannual coupons attached to the last four of the principal notes, aggregating the sum of $63.75, became due and unpaid, and, for a valuable consideration, were reassigned by the State Life Insurance Company to the Realty Trust Company; and, also, one of the series of ten notes, above mentioned, in the sum of $21.25, became due; whereupon, to satisfy both the $63.75 coupons, and the $21.25 note, the Realty Trust Company directed the trustee to sell the property.

The real estate was sold under the powers of the second deed of trust; the appellant became the purchaser and the trustee executed and delivered to him a trustee's deed. The deed recited all the preliminary acts and things prerequisite to the making of a sale under the deed of trust, the nonpayment of the 6 per cent. interest coupons then due and unpaid, their payment by and assignment to the beneficiary, and the nonpayment of the 2 per cent. interest note of $21.25, manifested in the deed of trust.

On the trial of the cause, after a common source of title had been agreed upon in M. G. Owen, appellant offered in evidence the deed of trust under which the trustee's sale was made. The deed of trust, among other provisions, provides: "It is further agreed, in the event interest coupons accompanying the notes or bonds secured by said first deed of trust shall become due and be unpaid by grantor, or grantor shall fail or refuse to pay insurance premiums or assessments or other charges covenanted for and secured, or to be secured by said first deed of trust, the owner and holder of the note hereby secured may, for the protection of the lien hereof, pay any or all of said sums or charges, which shall thereupon be secured by this deed of trust which grantor hereby expressly agrees to pay." The deed of trust further provides: "That in case of any sale hereunder, all prerequisites thereto shall be presumed to have been performed, and in any conveyance given hereunder, any recitals therein made as to the non-payment of the money secured * * * or as to any other preliminary act or thing, prerequisites to the making of a valid sale hereunder, shall be taken, in all courts, as prima facie evidence that such recitals are true."

Thereafter, appellant offered in evidence the trustee's deed from R. A. Ritchie, trustee, to the appellant. To the introduction of this deed, the trial court sustained appellees' objection, excluded the proffer and entered judgment for the appellees. The objection to the deed was predicated on the recitals therein to the effect that the sale of the property was made to satisfy in part the interest coupons secured by the first deed of trust and were not secured by the second deed of trust, thus making the sale void ab initio.

■■■■ In the second deed of trust, just quoted, manifestly the owner and holder of the lien created thereby had the right for the protection of its own lien, in the event any of the first lien notes became due and

unpaid, to pay any or all of them and be secured by the provisions of the deed of trust; furthermore, the trustee's deed, by virtue of the recitals therein, authorized by the deed of trust, established prima facie that, in the sale under the foreclosure, all of the requirements of the law were observed, that the owner and holder of the deed of trust lien had exercised the right therein given for the protection of his lien, by purchasing the due and unpaid first lien indebtedness. There was no testimony challenging the recitals in the deed, and in this state of the record, we are of the opinion that no issue upon the question was made, therefore the court erred in excluding the proffered trustee's deed. Adams v. Zellner, 107 Tex. 653, 183 S. W. 1143.

Aside from that, even if the recital in the trustee's deed that the sale under the foreclosure was made to satisfy a $63.75 item, and the item, in fact, was not covered by the deed of trust, which, we think, is untenable, yet, the recital that the property was sold to satisfy the past-due and unpaid note for $21.25, which evidently the deed of trust did cover and to which there is no question, the deed was a valid conveyance. Merely a sale of real estate under foreclosure, when made for a sum larger than the amount covered·by the deed of trust, does not affect the validity of the sale. This has been definitely settled, in the case of Chambers & Co. v. Little, 21 S.W.(2d) 17, wherein the Eastland Court of Appeals held, writ of error refused, that: "A portion of the loan being secured by a valid lien against the property, a sale under the deed of trust, made in accordance with its terms, passed title to the property. As stated in W. C. Belcher Land Mortgage Co. v. Taylor et al. (Tex. Com. App.) 212 S. W. 647, 649: 'A sale made under a deed in trust for a sum larger than the amount with which the property is properly chargeable is not void, and a power of sale in such deed can be exercised if any part of the debt is due and owing. * * * The amount of the indebtedness secured by the vendor's lien was included in the note secured by the·deed in trust, and, same being due and payable, and default made in its payment, a sale was authorized under the deed in trust. Mere excess, if any, in the amount of the note does not affect the validity of the sale.' "

For the reasons above stated, the judgment of the lower court must be reversed;

and, as the record discloses that all issues raised by the pleadings were not determined by the court below, because of the erroneous exclusion of the trustee's deed, the case must be remanded for another trial. The judgment of the lower court is reversed, and the case remanded.

Reversed and remanded.