### VAUGHAN v. WEST.

### No. 4665.

Court of Civil Appeals of Texas. Amarillo.

Nov. 16, 1936.

Rehearing Denied Jan. 1, 1937.

the city of Houston, situated on the south side of Buffalo bayou. The prayer is for writ of possession and the recovery of rents at the rate of $40 per month from December 1, 1934.

The appellant answered by general demurrer, general denial, plea of not guilty, and specially answered alleging that plaintiff, West, does not exist, or, if he does exist, in the alternative, that he is a "straw man," used in name only by the Mortgage Bond Company of New York and J. C. Leonard Company, who are the real plaintiffs in the case, suing in the name of Joseph A. West. He further alleges: "Without waiving any of his right to a general defense herein, this defendant alleges fraud and negligence as against the plaintiff as to any muniment or claim of title he may rely upon. If he has any the same was procured unlawfully, through negligence and fraud, and are void; that the reasonable rental value of the property is $25.00 per month; that he has made improvements in good faith to the value of $200.00."

By cross-petition he alleges that Joseph A. West, whom plaintiff has never seen nor heard of before, has by some manner of sham or pretense asserted title and right of possession to the defendant's property, and undertaken to put a cloud upon his title; that West, in collusion with the Leonard Company & Mortgage Bond Company, who are not parties hereto, has fabricated what he considers to be some legal claim to the property, and through such 'fabricated claim has undertaken to cloud defendant's title, and has brought this suit for such purpose, to defendant's damage in the sum of $500.

The only issue submitted to the jury was: "What, from the greater weight and degree of the credible evidence, do you find to be the reasonable rental value of the property in question since December 1, 1934?" The jury answered: "$192.50."

The appellant has filed a very confusing and unsatisfactory brief, prepared with very little regard to the rules of briefing. His first proposition covers more than two pages of the brief, and consists principally of a statement of the pleadings, what the statement of facts shows and what it fails to show, gives a history of the case, attacking West as a "straw man"; telling us that this suit is prosecuted by plaintiff's attorney, who also

W. Gordon Vaughan, of Houston, for appellant.

Vinson, Elkins, Sweeton & Weems and Edgar E. Townes, Jr., all of Houston, for appellee.

HALL, Chief Justice.

The appellee, West, sued appellant in trespass to try title to recover lot 14, in block 23, of the Summit place addition to

represented the Mortgage Bond Company of New York; that the testimony of the trustee, Hestwood, in the deed of trust, shows that he was manager of J. C. Leonard Company, which was the loan correspondent of the Mortgage Bond Company, and that plaintiff was a "nominee" for the trustee of the bondholders of the Mortgage Company; sets out the date of the trustee's sale of the property under the power contained in the deed of trust, alleges that the sale was not made to West in his own right, but as "nominee" for the Bond Company; recites the fact that the plaintiff's attorney, who prosecuted this suit, had never met the plaintiff in his life, but that such attorney had, in other cases, represented the Mortgage Bond Company, and that his firm was handling cases for said corporations; and proceeds with this argument: "Whereas, plaintiff alleged and sought to recover·fee simple title unto himself for his individual use and benefit, and, whereas, the testimony showed—the trustee's testimony showed—that if plaintiff held any title at all he held as agent or nominee for some other person or corporation; the court erred in directing the jury to return a verdict in favor of plaintiff, and further erred in determining as a matter of fact and of law that fee simple title was vested in the plaintiff as an individual. Likewise, the court erred in refusing to permit the defendant to introduce additional evidence for the purpose of showing that plaintiff had no title to the property involved herein. The court erred in denying the defendant the right to prove by competent evidence that plaintiff transferred to the Mortgage Bond Company by unrecorded instruments whatever interest he claimed to have in said property. Whether or not Joseph A. West, whoever he was, held title to this property, particularly since he claimed title through a purported trustee's sale which had been attacked on the grounds of fraud, is an important question in this case. This assignment of error is fully set forth in sections 1 and 2 of defendant's motion for new trial."

This so-called proposition is so far from what the rules and the law require a proposition to be that the numerous alleged errors in it cannot and will not be considered. It is multifarious, uncertain, argumentative, burdened with statements of fact, without even a reference to the page of the statement of facts to authenticate them.

The second proposition is almost as defective, and attacks the judgment because it was not shown that the trustee's deed was ever delivered to or accepted by the plaintiff, and further shows it was never filed for record by the plaintiff.

The right of Joseph A. West to file the suit and recover as an individual was not attacked by any sworn pleading under the provisions of R.S. art. 2010. The evidence introduced shows that the trustee sold the property to West and executed a trustee's deed conveying the property to him. This proceeding is not attacked by the pleadings of the appellant, although there is much said generally in his brief about the fraud and illegality of the transaction, without alleging who committed the fraud and of what the fraud consisted. There are no specific acts of fraud charged against any one.

The chain of title under which West claims is, first, a deed to Vaughan from one Brazelton, in which a part of the consideration was the execution of certain notes to the Mortgage Bond Company of New York. Next is the deed of trust from Vaughan and wife to J. G. Hestwood, trustee, to secure the indebtedness, and the record also contains an extension agreement signed by the parties. During the trial the appellant admitted that the advertisement of the property for sale by the trustee was all right. The trustee's deed recites that the property was sold, "at which said sale the property was struck off to Joseph A. West for the sum of $2,000.00 cash, he being the highest and best bidder therefor, which said sum was paid to me and applied by me in accordance with the terms and conditions of said deed of trust to the payment of said notes hereinbefore described."

Hestwood, as a witness, was asked if West was representing the Mortgage Bond Company when he bought the property in. His answer is: "He was the nominee for the Mortgage Bond Company of New York through the trustee and its bondsmen."

■ It is an established principle in this state that a person holding the naked legal title to land can maintain a suit in trespass to try title. West acquired this kind of a title through the trustee's sale, and conveyance, and therefore his right to maintain the suit cannot be successfully challenged. Fitch v. Boyer, 51 Tex. 336; Fulks v. Smith (Tex.Civ.App.) 25 S.W.

(2d) 221 (writ refused); Schuyler v. Lacy (Tex.Civ.App.) 79 S.W.(2d) 901; Tapp v. Corey, 64 Tex. 594.

■ There is no merit in appellant's contention that the trustee's deed was never delivered to West. This deed was executed November 6, 1934, and filed for record the same day. The trustee testified that the deed was filed for record, then forwarded to West through the Mortgage Bond Company of New York; that he was instructed by the Mortgage Bond Company to file the deed on behalf of West. There is no intimation in the testimony that the trustee did not intend, by recording and mailing the deed to grantee, that his act should operate other than as a delivery of the deed, nor was it shown that West, as grantee, did not accept the deed and did not intend to do so. It is rarely ever necessary that manual delivery of a deed be made in order to pass title (Earl v. Mundy (Tex.Civ.App.) 227 S.W. 970), and the rule is that the assertion of right by a grantee in a deed, such as filing suit thereon shows his acceptance (Devlin on Real Estate [3d Ed.] § 285). The question of the delivery of a deed is one of intention, which may be shown as in this case by circumstances. Pou v. Dominion Oil Co. (Tex.Com.App.) 265 S.W. 886; Dorman v. Ryan (Tex.Civ.App.) 293 S.W. 888.

■ The appellant, without attacking the sale in his pleadings, contends in his brief that the sale was not made to the highest bidder, and is therefore void. The record shows that the Home Owners Loan Corporation was asked to refinance appellant's indebtedness to the Mortgage Bond Company of New York by the issuance of bonds with which to pay appellant's debt. The bonds were refused by the holders of the indebtedness, and such an offer does not constitute a bid. The Home Owners Loan Corporation did not promise to issue sufficient bonds to take up the entire indebtedness, and the contention that such a transaction constituted a bid has been settled against the appellant.

In the case of Bachrach v. Di Carlo (Tex.Civ.App.) 80 S.W.(2d) 815, 816, it appears that the same conditions existed as in the instant case, and the court held that, since the bonds of the Home Owners Loan Corporation were not legal tender for the payment of debts, there was no bid. The court said: "The substance of the offer was that bonds of Home Owners' Loan Corporation would be obtained and delivered to the mortgagee if he would consent to accept them and to execute the required papers, particularly, the receipt and assignment. Under the terms of the note, the obligation was to pay in money alone."

■ The appellant's assertion that the sale was not made to the highest bidder is not supported by the record. By his proposition No. 4 appellant asserts that the trustee's sale had been attacked for fraud by him; that he had the right to ask the trustee who had made the bid for appellee whether any bid had been submitted for appellee and in what manner it was made; that the court erred in holding as a matter of law that the defendant was conclusively bound by the recitations in the trustee's deed; that the court further erred in directing a verdict for the plaintiff. No error is shown here. The assignment is multifarious. There are no pleadings under which any such testimony was admissible. The appellant does not specifically attack the sale in his pleadings, and the rule is that fraud cannot be relied upon for relief from the obligations of a contract unless it is specifically pleaded. Bailey v. Sovereign Camp, W. O. W., 116 Tex. 160, 286 S.W. 456, 288 S.W. 115, 47 A.L.R. 876; Pickett v. Gleed, 39 Tex. Civ.App. 71, 86 S.W. 946.

■ The deed of trust has this stipulation:

"And any such sale or sales shall be a complete and perpetual bar against the First Parties, their heirs and assigns, and all persons claiming under them. * * *

"And it is agreed by the parties hereto that in any deed or deeds given by said Trustee or his substitute hereunder, a recital therein of the debtor's default, the holder's request to sell, the due posting of the notices of sale, the failure, refusal or disqualification of the Trustee and the appointment of a substitute Trustee, or of any other preliminary act or thing having been duly done by said Trustee or substitute Trustee or holder or holders of said note or notes shall be received by any and all courts as conclusive evidence thereof.

"All parties hereto especially agree that this deed of trust and any acts of the Trustee or his substitute hereunder shall not be strictly construed against the beneficiaries herein or against the Trustee or his sub-

**170**

stitute, and that all acts of the Trustee or his substitute hereunder shall be presumed to have been regular and that all presumptions such as ordinarily lie in favor of the regularity of judicial and official acts shall lie in favor of and as to the regularity of any and all acts of the Trustee and/or his substitute hereunder."

In the absence of specific allegations which attack the sale by the trustee upon some ground which would render it void or voidable, this stipulation has been held to be conclusive. Adams v. Zellner, 107 Tex. 653, 183 S.W. 1143; Dabney v. Owen (Tex.Civ.App.) 87 S.W.(2d) 285; McCreary v. Reliance Lumber Co., 16 Tex. Civ.App. 45, 41 S.W. 485; Jesson v. Texas Land & Loan Co., 3 Tex.Civ.App. 25, 21 S. W. 624; Richardson v. Kent (Tex.Civ. App.) 47 S.W.(2d) 420; Navarro v. Kingsbury (Tex.Civ.App.) 62 S.W.(2d) 627; Zeiss v. First State Bank (Tex.Civ.App.) 189 S.W. 524; Evants v. Erdman (Tex.Civ. App.) 153 S.W. 929.

What has been said disposes of all the propositions which are entitled to consideration.

No reversible error is shown, and the judgment is affirmed.