**BAGLEY v. WALLACE et al.**

No. 13565.

Court of Civil Appeals of Texas. Fort Worth.

June 18, 1937.

Rehearing Denied Sept. 24, 1937.

Richard Owens, of Fort Worth, for appellant.

M. Hendricks Brown and Marvin H. Brown Jr., both of Fort Worth, for appellees.

BROWN, Justice.

Appellant, J. G. Bagley, brought suit in the county court at law No. 2 of Tarrant county, against Mrs. Lucile K. Wallace and her husband, E. L. Wallace (who was joined pro forma), seeking to hold Mrs. Wallace liable personally for certain materials furnished in the building of a residence on property alleged to be the separate estate of Mrs. Wallace, and appellant has alleged that Mrs. Wallace expressly author-. ized her husband to contract for such materials in her behalf, and that if he was not so expressly authorized to do so, he was impliedly authorized to make such contract and purchase; and further pleaded that Mrs. Wallace knew of the making of the contract and of the furnishing of the materials and that same would be used to improve her separate estate; that the use of the same enhanced the value of her separate estate; and that she accepted the benefits therefrom and is estopped to deny personal liability therefor.

The case being tried to a jury, three issues were submitted: (1) "Do you find from a preponderance of the evidence that the defendant Lucile K. Wallace impliedly authorized her husband to contract with the plaintiff Bagley for the materials and labor furnished for the house in question?" The jury's answer is "Yes." Questions 2 and 3 established the fact that the debt was due and the amount thereof in the sum of $596.85.

After the verdict was received, Mrs. Wallace filed a motion to enter judgment in her favor notwithstanding the verdict, and such motion being set down for hearing and all parties being present, the trial court sustained the motion and rendered judgment that appellant take nothing against Mrs. Wallace. From this judgment the appeal is taken; and appellant contends that the action of the court in sustaining the motion and rendering judgment in favor of Mrs. Wallace is error, and that the judgment of the trial court should be reversed and here rendered for appellant on the verdict.

No issue was submitted and no finding made on the question of whether or not the property in question was the separate estate of Mrs. Wallace. The plaintiff below tried the case on the assumption that such was her separate estate. We do not believe that the evidence introduced and the facts shown disclose as a matter of law that the property was such separate estate. We are inclined to the opinion that the evidence goes no further than to establish the fact that the property was the community estate of the husband and wife. But admitting for the sake of argument that it is established that the property is the separate estate of Mrs. Wallace, we do not find any error in the action of the trial court in denying a personal judgment for plaintiff against Mrs. Wallace.

In the case of Atkinson et al. v. Jackson Brothers et al. (Tex.Civ.App.) 259 S.W. 280, 285, which is a case practically on "all fours" with the case at bar, where the

husband made the contract for the improvements, the court said: "There is no rule of law which would bind a married woman and her separate estate merely because a contract made individually by her husband inured to the benefit of her separate estate. * * * The mere facts that a married woman knew a contract was made by her husband to improve her separate property, which she insisted on being carried out as made, and that it inured to the benefit of her property and enhanced the value thereof, is not sufficient to bind her and her separate property to pay for such improvements, in absence of proof that she authorized the contract, intending to bind herself, or that by her acts and conduct in inducing the same she would be estopped to deny her liability."

In the instant suit appellant dealt solely with the husband and the evidence discloses that he looked to the husband for the payment of his debt. Appellant testified that he never discussed the question of whether Mrs. Wallace was willing to be good for the debt, and when asked whether or not he looked to her for the payment thereof he answered emphatically, "No."

Even if the pleadings had been sufficient to raise the issue of estoppel, no such issue was presented to the jury.

It is said in vol. 23, Texas Jurisprudence, p. 147: "The husband has no general authority to represent the wife in contracts in her behalf or for the benefit of her separate property. He has only such authority to bind her or the community as is expressly given him by statute. We have seen that the care of her separate property is committed to her sole management, and this excludes any implied agency of the husband to control or contract with reference to it, even though the use of such property is for the benefit of the community which he does control."

On page 148 of the same text, the following is said: "In short, without a grant of authority the husband cannot bind the wife or her property to any extent, whether the binding be for the benefit of her estate, to her personal advantage, or not."

At page 205 of the same text, this is said: "We are dealing with contracts which create a personal liability against the wife—that is, her contracts, and not those agreements which bind her husband alone. To create such personal liability, the contract must be the act of the wife herself, either in person or through some other person duly authorized by her. This means that she should do or say something that clearly indicates an intention upon her part to be bound for payment and cause the creditor to look to her for such."

We have carefully read the entire statement of facts and all of the pleadings, and we find no error in the judgment of the trial court.

The assignments of error are overruled, and the judgment is affirmed.