**JORDAN et ux. v. MADISON et al.**
**No. 14371.**

Court of Civil Appeals of Texas.
Dallas.
June 8, 1951.

194

Charles F. Umphress and Clarence Carpenter, both of Dallas, for appellants.

Ely Straus and A. H. McCulloch, both of Dallas, for appellees.

CRAMER, Justice.

 Appellants, Willie Jordan et ux., as plaintiffs filed this suit against appellee Dillie B. Madison and her husband T. B. Madison, and also against T. B. Madison as trustee, to set aside a trustee's deed dated May 3, 1949, executed by Leo Nevitt, substitute trustee, to Thomas B. Madison, trustee, as grantee, conveying Lot 16, Block B–2240 of Southland Addition to the City of Dallas, Texas, and seeking to quiet appellants' title to said property; said trustee's deed having been executed under the terms of a deed of trust dated March 19, 1945 securing a note in the original principal sum of $3,550 due and payable to Dillie B. Madison in monthly installments of $40 each including interest; the first installment due on or before April 19, 1945 and containing acceleration of maturity provision. After a trial before a jury, the trial court sustained a motion for an instructed verdict in favor of appellees and thereafter on July 19, 1950, rendered, signed and entered judgment thereon decreeing that appellants, plaintiffs there, take nothing. Appellants filed their original motion for new trial July 20, 1950. Such motion was not amended within 20 days after the filing of the original motion. The amended motion was filed August 10, 1950, 21 days after the filing of the original motion and therefore could not be considered. The original motion was not submitted within 30 days after it was filed; therefore overruled by operation of law at the expiration of such 30 day period, on August 19, 1950. Rule 330 (j), Vernon's Texas Rules of Civil Procedure; Bowman v. Traders & General Ins. Co., Tex.Civ.App., 219 S.W.2d 148 (Syl. 1), error refused. The appeal bond was not filed within 30 days after August 19, 1950; in fact was not filed until October 16, 1950, 58 days thereafter. The filing of the appeal bond within the 30 day period after the motion for new trial was overruled, whether by the court or by operation of law, was jurisdictional. Rule 356, V.T.R.C.P.; Bruce v. San Antonio Music Co., Tex.Civ.App., 165 S.W.2d 243, error refused; Grant v. Hughes, Tex.Civ.App., 198 S.W.2d 630.

 But appellant says we should consider the amended motion as an original motion. No jurisdiction is shown under such contention. The amended motion for new trial was filed August 10, 1950, or 22 days after the judgment. It was therefore 12 days late. Rule 330(k), V.T.R.C.P. It was not thereafter again amended, and was not presented to the court until September 15, 1950, which was not within 30 days after it was filed. Considered as an original motion, it would have been overruled by operation of law on the 30th day after it was filed, or on September 9, 1950. Bowman v. Traders & General Ins. Co., supra. Too, the appeal bond was filed October 16, 1950, six days after the 30 day limit. Rule 356, supra.

The motion to dismiss is sustained.

Dismissed for want of jurisdiction.