JORDAN et ux. v. MADISON.

No. 14532.

Court of Civil Appeals of Texas.
Dallas.

May 30, 1952.

229

Clarence Carpenter and Chas. F. Umphress, both of Dallas, for appellants.

Ely Straus and A. H. McCulloch, both of Dallas, for appellee.

CRAMER, Justice.

T. B. Madison, Trustee, filed this suit in nature of trespass to try title against Willie Jordan and wife, Helen Marie Jordan. The land involved is Lot 16, Block 2240, Southland Addition to the City of Dallas. Jordan answered by special exceptions, and on the merits by plea of not guilty and general denial. Madison's supplemental petition contained a general denial, a plea of limitations, and asserted that the judgment in cause No. 34,734–E in the 101st District Court, written on by us in 241 S.W.2d 193, is res adjudicata of the issues here.

The trial was to the court without a jury and resulted in a judgment for Madison, Trustee, as against both Jordan and his wife for the title and possession of the property involved and also for damages in the sum of $1,170 plus interest, costs, etc. The Jordans have duly perfected this appeal, and brief fourteen points of error.

Point 1 asserts fundamental error in that a money judgment was rendered personally against Helen Marie Jordan, a married woman, without pleading, evidence, or findings in support thereof. Material to point 1, the record shows clearly that Helen

Marie Jordan was a married woman. The petition alleges: "T. B. Madison, Trustee, plaintiff, complaining of Willie Jordan and wife, Helen Marie Jordan, for cause of action would respectfully show to the court * * *."

Personal judgment against the wife for damages, was not justified unless the rental of the property (the basis for the money judgment) was a necessary for which the wife was liable under Art. 4623, R.C.S. Rent is not a necessary under such Article unless the same was created by the act of the wife herself. Bagley v. Wallace, Tex.Civ.App., 108 S.W.2d 835, error dismissed; Jordan v. Junkin, Tex.Civ.App., 83 S.W.2d 1045. Appellee, however, asserts that the entry of the money judgment against the wife, even though fundamental error, was not assigned in the motion for new trial, and therefore no relief can be granted.

Under such record it is questionable whether, under Rule 323, Texas Rules of Civil Procedure, we can now correct such error unless there is a basis for the assignment of error in the motion for new trial. However, since this Court in Smith v. Basham, Tex.Civ.App., 227 S.W.2d 853, affirmed Tex.Sup., 233 S.W.2d 297, held such fundamental error could be corrected without assignment, we will, even though that case is criticised in note in 29 Texas Law Review 369, sustain the point.

Appellant by point 2 asserts that the petition in trespass to try title did not reveal the true name of the plaintiff. The suit was filed in the name of T. B. Madison, Trustee.

Rule 783, R.C.P., governs actions in trespass to try title and provides, subdv. (a), that the petition shall state "The real names of the plaintiff and defendant and their residences, if known." Rule 93, subdv. (b), R.C.P., provides that a pleading setting up "That the plaintiff has not legal capacity to sue" unless the truth appears of record, shall be verified by affidavit. Appellants did not raise the question by such a sworn pleading. It was not therefore properly raised in the trial court. Vaughan v. West, Tex.Civ.App., 100 S.W.2d 166, error dismissed. Point 2 is overruled.

Points 3, 4, and 11 attack generally appellee's right to maintain the suit as trustee without naming the beneficiaries of the trust. They excepted to the petition because it did not disclose whether the trust was written or verbal, express or implied; resultant, or what manner of trust is claimed; or a showing of the names of the beneficiaries; whether they are living or dead, minors or adults; whether his acts are binding on them, the extent of their liability, or any other facts necessary to show who is suing them, or in whose name plaintiff sought to recover title and possession of the property, or to recover damages. Without discussing appellants' cases, we are of the opinion that they are not in point and that the correct rule is set out in 41 Tex.Jur. 471, as follows:

"Suit is maintainable by one who holds the legal title as trustee having no beneficial interest in the land."

See also Dean v. Jagoe, 46 Tex.Civ.App. 389, 103 S.W. 195, syl. 3; Slay v. Burnett Trust, 143 Tex. 621, 187 S.W.2d 377; Vaughan v. West, Tex.Civ.App., 100 S.W.2d 166; Fulks v. Smith, Tex.Civ.App., 25 S.W.2d 221; Gulf Production Co. v. Continental Oil Co., 139 Tex. 183, 164 S.W.2d 488. Points 3, 4, and 11 are overruled.

Points 5, 9, 10, and 13 complain of the admission in evidence of a trustee's deed by Nevitt, substitute trustee, to Thomas B. Madison, Trustee; and question the right of T. B. Madison, Trustee, to maintain this suit on such substitute trustee's deed naming the grantee as Thomas B. Madison, Trustee. The court overruled appellants' objections and admitted Madison's evidence that his name was "Thomas B. Madison or T. B., either," and as follows:

"Q. Are you also known as T. B. Madison? A. Yes sir, Thomas B. or T. B.

"Q. Are you one and the same grantee as the grantee in this deed here I am giving you? * * * Are you the Thomas B. Madison in that deed? A. Yes, sir.

"Q. * * * You are also the plaintiff in this lawsuit, are you not? A. Yes, sir."

The trial court found as a fact that T. B. Madison, Trustee, and Thomas B. Madison, Trustee, are one and the same person as Thomas B. Madison, Trustee, named as grantee in the deed under which he claimed. We find no error in the admission of such evidence.

Appellee's proof of common source and of his title was: (1) Certified copy of the deed from R. M. Grubbs et ux. to appellants Willie Jordan et ux., which deed showed that $3,550 of the purchase price was advanced by Dillie B. Madison, who, the record shows, was the wife of T. B. or Thomas B. Madison; it also shows that she is now deceased; (2) deed of trust from appellants to Wm. T. Sargeant, Trustee, for the benefit of Dillie B. Madison; (3) certified copy of resignation of Wm. T. Sargeant as Trustee and the appointment of Leo Nevitt as substitute Trustee; (4) certified copy of trustee's deed from Leo Nevitt, substitute Trustee, to Thomas B. Madison, Trustee; (5) judgment in cause No. 34,734–E, Jordan v. Madison, Trustee, and (6) mandate of this Court out of its cause 14,371. The deed of trust had all the usual provisions authorizing the sale, appointment of substitute trustee, etc., and the substitute trustee's deed contained all necessary recitals to authorize the sale and to convey title to the property.

The evidence, in our opinion, was admissible and properly proved the common source of title and the title to such property in appellee as trustee,—the capacity in which he sued. For such reason, points 5, 9, 10, and 13 are overruled.

Points 6, 7, and 12 complain of the admission in evidence of the trial petition, answer and judgment in cause No. 34,734–E, and the mandate of this Court on the appeal from such judgment, and the sustaining of an objection to, and the exclusion of the evidence of, a transfer of the lien securing the $3,550 note from Dillie B. Madison et vir to Traders Realty Company. They also complain of the trial court's holding that the judgment in cause No. 34,734–E is res adjudicata of the matters involved in this suit.

The nature of the judgment in cause 34,734–E is set out in our opinion in Jordan v. Madison, reported in 241 S.W.2d 193, and we will not repeat the same. Such judgment denying appellants the right to set aside the trustee's deed to the same property here involved, disposed of all the material fact issues necessary to a recovery by appellants in the present suit in trespass to try title. Such judgment was therefore res adjudicata of all issues of fact involved here. As said in Permian Oil Co. v. Smith, 129 Tex. 413, 107 S.W.2d 564, 567, 111 A.L.R. 1152–1175, "It must be borne in mind that the purpose of the law remains constant to prevent the failure of justice as a result of permitting the retrial between the same parties or their privies of a cause of action *or of an issue* which has been finally disposed of." (Italics ours.) Such quotation also appears in Stanolin v. State, reported in 136 Tex. 5, 145 S.W.2d 569. See also Ferguson's Estate v. Ferguson, Tex.Civ.App., 189 S.W.2d 441; Davis v. Biggs, Tex.Civ.App., 182 S.W.2d 1017; Cain v. Balcom, 130 Tex. 497, 109 S.W.2d 1044; Hunt v. Burrage, Tex.Civ.App., 163 S.W.2d 218. The transfer of the lien by Dillie B. Madison, under such record, is not material here. Points 6, 7, and 12 are overruled.

Point 8, complaining of the trial court's permitting appellee to reopen his testimony and introduce evidence on the issue of reasonable rental value and damages, raised only matters clearly within the trial court's discretion. No abuse of such discretion is shown. Point 8 is overruled.

Point 14 is as follows: "The court erred in concluding that appellee herein was entitled to judgment for any of the relief granted him herein." Although the point is too general, appellee fully established his record title under his plea of res adjudicata. Point 14 is overruled.

The judgment below, under the above holdings, should be, and is, modified so as to eliminate the money judgment against Helen Marie Jordan, and as so modified, is affirmed.

Modified and affirmed.