**BRUCE v. SAN ANTONIO MUSIC CO. et al.**

**No. 11264.**

Court of Civil Appeals of Texas.
San Antonio, Texas.

Oct. 7, 1942.

Rehearing Denied Nov. 6, 1942.

Remy & Rosson and Walter F. Schwartz, all of San Antonio, for appellant.

Boyle, Wheeler, Gresham & Terrell and Trueheart, McMillan & Russell, all of San Antonio, for appellees.

SMITH, Chief Justice.

Appellees have moved to dismiss this appeal on the ground that appellant's appeal bond was not filed below "within thirty days after the date of judgment," as required in Rule No. 356, Texas Rules of Civil Procedure.

The record shows that on June 29, 1942, at the conclusion of the evidence, the trial judge instructed the jury to return a verdict in favor of appellees, and that in pursuance of that instruction the jury returned such verdict on the same day, June 29th. It appears from a certificate of the trial judge that upon receipt of the verdict the judge ordered it filed as the verdict of the jury in the case and requested

counsel to prepare a decree in accordance with the verdict. Subsequently, counsel for appellees prepared a form of decree, and failing to get appellant's definite approval of it, tendered it to the trial judge during a State Bar Convention in a local hotel on July 3rd, and the judge then and there approved the form which on the same day was filed and entered in the minutes by the clerk of the trial court. The record does not disclose just when the trial judge pronounced, that is to say rendered, the judgment from which the appeal is sought to be prosecuted.

The appeal bond was not filed below by appellant until August 3, 1942, which was within the time prescribed by Rule No. 356, if computed from the date of entry of the judgment, but not within that time if computed from the date of the return and filing of the instructed verdict for appellees.

 Rule No. 356 requires that the bond be filed "within thirty days after the date of judgment." That requirement is mandatory, and jurisdictional as well, and the time prescribed cannot be dispensed with or enlarged by the courts, for any reason. United States v. Branson, Tex.Civ.App., 147 S.W.2d 286, writ refused.

And it is now well settled that the time for filing appeal bonds must be computed from the day judgment is pronounced, or rendered, and not from the day it is reduced to writing or entered in the minutes. Cleburne Nat. Bank v. Bowers, 130 Tex. 637, 112 S.W.2d 717; Sloan v. Richey, Tex.Civ.App., 143 S.W.2d 119, writ dismissed, judgment correct, and authorities there cited; Boren v. Cerf's Trust Estate, Tex.Civ.App., 145 S.W.2d 627.

As stated, the record does not affirmatively disclose the date the judgment was pronounced from the bench; it does not affirmatively show that judgment was not so pronounced at the time of the return and filing of the directed verdict, on June 29th. It does appear by implication, however, that judgment was not pronounced after June 29th, since the subsequent act of approving the form of the decree, on July 3rd, at a place other than the court house, cannot be construed as the act of rendering judgment. In this situation we have no alternative than to presume that the judgment was rendered at the time the directed verdict was returned and filed on June 29th. This is a presumption arising from the facts stated, and, moreover, is forced by a recent pronouncement of our Supreme Court, in analogous circumstances. Simpson v. Charity Benev. Ass'n, 137 Tex. 215, 152 S.W. 2d 1093, 1095. In that case it was said:

"The trial court directed the jury to render the verdict on the 14th day of March, 1940. *Such a judgment, therefore shows affirmatively to have been rendered on the 14th day of March, 1940.* * * * When the trial court directed the jury to render a verdict in the present case, it was an effectual 'decision of the law upon the matters at issue'." (Emphasis ours.)

Under the stated presumption, then, we hold that judgment was pronounced in this case at the time the directed verdict was returned and filed, on June 29th, and the time for filing the appeal bond must be computed from that date, rather than from the immaterial date of approval and entry of the decree in the minutes. As the bond in this case was not filed "within thirty days after the date of judgment," as required in Rule No. 356, it came too late to confer jurisdiction on this Court.

Appellees' motion to dismiss is granted.