### MAPLES v. SERVICE MUT. INS. CO. OF TEXAS.
### No. 9937.

Court of Civil Appeals of Texas. Austin.

Feb. 17, 1943.

Rehearing Denied March 10, 1943.

No briefs for appellant.
No briefs for appellee.

PER CURIAM.

The transcript and statement of facts were tendered to the Clerk of this court on January 18, 1943, who refused to file them "because appeal bond not filed in trial court within 30 days (after order overruling motion for new trial) as provided by Rule 356, Texas Rules of Civil Procedure."

Final judgment was rendered November 28, 1942; motion for new trial was filed November 30, 1942, and overruled and notice of appeal given the same day. January 4, 1943, appellant filed motion for extension of time within which to file appeal bond, on the ground that it was impossible for him to procure sureties within the 30-day period. This motion was granted by the trial judge January 5, 1943, and an additional 30 days were allowed. The bond was filed and approved January 9, 1943.

Rule 363 as originally promulgated provided that "The appeal is perfected when the notice of appeal is given"; thus making the notice of appeal the only jurisdictional prerequisite to the right of appeal. Rule 356 as originally promulgated provided that the appeal bond should be filed "within thirty days after the date of judgment or order overruling motion for new trial; but the trial judge may, for good cause shown, extend such time for not exceeding thirty days additional." Rule 387, sub. (e), as originally adopted read:

"If the appellant shall fail to file an appeal bond (where bond is required) or affidavit in lieu thereof within the allotted time, or if (in case of an affidavit) a contest thereof is sustained, the appellee upon proper showing may have an order of the trial court to the effect that the appeal has been abandoned."

These rules were filed with the Secretary of State on or before December 1, 1940, as required by the enabling act (Vernon's Ann.Civ.St. art. 1731a—H. B. 108, 46th Leg. 1939, p. 201), and were to become effective September 1, 1941, unless disapproved by the legislature. Objections were voiced to the rules as a whole and to various specific rules both within and without the legislature; various local bar associations throughout the state adopted resolutions; and the legislature held extensive hearings upon the subject. As a consequence the enabling act was amended by S. B. 92, ch. 53, p. 66, Reg. Ses. 47th Leg., effective March 6, 1941, Vernon's Ann.Civ. St. art. 1731a note, so as to authorize the Supreme Court to amend the rules at any time not later than April 1, 1941. Pursuant to this authority the above rules were amended March 31, 1941, as follows:

The above quoted provision of Rule 363 was amended to read: "The appeal is perfected when the notice of appeal is given *and the bond or affidavit in lieu thereof has been filed, or if affidavit is contested, when the contest is overruled.*" (Emphasis supplied to indicate the portion added by the amendment.)

Rule 356 was amended by eliminating the last clause which authorized the trial judge to extend the time for filing the appeal bond.

Rule 387 was amended by eliminating altogether subdivision (e) above quoted.

▆ The effect of these amendments was to revert to the practice in vogue under the statutes that were supplanted by the new rules, in the following particulars: 1. The appeal bond (or affidavit) was made a prerequisite to perfection of the appeal, and was therefore made jurisdictional (Art. 2267); and 2. the time for filing the bond was fixed absolutely, without power in any court to extend it. Art. 2253. For supporting authorities, see Vernon's Ann. Civ.St., art. 2253, note 20, p. 557; 3 Tex. Jur., p. 326, § 224, and p. 331, § 227.

Appellant cites Rule 5, as authority for the extension order of the trial judge. The last clause of that rule expressly exempts from the operation of the rule the requirement of Rule 356 limiting the time for filing the appeal bond. It reads: " * * * but it [the court] may not enlarge the period for taking any action under the rules relating to new trials or motions for rehearing except as stated in the rules relating thereto or the period for taking an appeal or writ of error from the trial court to any higher court or the period for application for writ of error in the Supreme Court, except as stated in the rules relating thereto."

502

Since filing the appeal bond within the prescribed 30-day period is jurisdictional and no authority is lodged in the trial court or in this court to extend the time for such filing, it becomes immaterial upon what grounds the motion for extension of time was granted. We will add, however, that we do not believe there would have been any abuse of discretion, had the subject matter of the extension order been a discretionary one.

We have written thus extensively upon this subject for the reason that confusion seems to have arisen in some quarters due to publication of the originally promulgated rules and failure to consult the published rules as amended.

The motion is overruled.

Overruled.