## GIST et al. v. HOLT.
### No. 4143.

Court of Civil Appeals of Texas. Beaumont
May 27, 1943.

Rehearing Denied June 16, 1943.

S. Austin Wier, of Dallas, for appellants.

E. B. Lewis, of Center, for appellee.

O'QUINN, Justice.

Appellee's motion to dismiss the appeal in this case must be sustained.

The judgment bears date November 30, 1942. Appeal bond was filed January 13, 1943. Thus it was not filed within thirty days after the date of the judgment as required by Rule 356, Texas Rules of Civil Procedure.

Appellant points out that the judgment as copied into the transcript shows that same was filed with the clerk on December 24, 1942, and insists that time for filing appeal bond should be computed from that date. The courts have decided the point contrary to this contention. It now appears settled that time for filing appeal bonds must be computed from the day judgment is pronounced, or rendered, and not from the day it is reduced to writing or entered in the minutes. Bruce v. San Antonio Music Co., Tex.Civ.App., 165 S.W.2d page 243, writ refused, and cases cited.

Appeal dismissed.

COMBS, J., concurs.

### On Rehearing

COMBS, Justice.

In his motion for rehearing, duly verified, appellant insists that no judgment was either pronounced, rendered or entered in this case until December 24, 1942. His appeal bond recites that the trial judge caused judgment to be entered December 24, 1942.

Were the record silent as to the date when the judgment was rendered no doubt we could receive evidence in the form of affidavits or "other satisfactory evidence" to show the date. Rule 406. But this can be done only to supply jurisdictional facts "not apparent in the record." Here the judgment which appellant brought up in the transcript recited the date of its rendition "On this 30th day of November, 1942." This is controlling. The transcript cannot be impeached by affidavit or by recitals in the appeal bond prepared by appellant.

The new rules are quite liberal in allowing amendment of the record on appeal and this court is inclined to go just as

far as the rules and due regard for orderly procedure will permit to give a litigant his day in court. But we are bound by the record. Were this not so much confusion and bickering would result. We suggest that in any case where the record as made in the trial court does not correctly reflect the proceedings the way to correct it is by appropriate and timely proceedings in the court where the trial occurred.

Motion for rehearing is overruled.

O'QUINN, J., concurs.