## GREER v. POULTER.

### No. 14725.

Court of Civil Appeals of Texas.
Fort Worth.

Sept. 28, 1945.

Rehearing Denied Oct. 26, 1945.

W. L. Coley and James P. Cogdell, both of Fort Worth, for appellant.

John L. Poulter, of Fort Worth, for appellee.

SPEER, Justice.

This is a motion to affirm on certificate. John L. Poulter sued H. O. Greer for partition of a certain lot of land in the City of Fort Worth, Texas. The petition contains all the requisites of such an action. Defendant answered generally and set up several special defenses, which we need not give in detail. Tried to a jury on special issues, the verdict was favorable to Poulter and judgment was entered for him on the verdict. Motion for new trial was overruled, and Greer excepted and gave notice of appeal and attempted to perfect same by filing an affidavit of inability to pay costs.

For convenience we shall refer to H. O. Greer, the defendant below, as appellant, and to John L. Poulter, the plaintiff below, as appellee.

In his motion to affirm on certificate appellee has set out the necessary requisites as provided by Rule 387, Texas Rules Civil Procedure; his application is accompanied by a certificate of the clerk of the trial court showing the proceedings had below; appellee's contentions are disclosed by his accompanying brief and argument with respect to his motion; in effect the motion is based upon two propositions, they are: (1) Appellant did not file or tender for filing a transcript or statement of facts in this court within sixty days as provided by Rule 386, T.R.C.P.; and (2) appellant's affidavit in lieu of an appeal bond was not filed within twenty days as provided by Rule 356, T.R.C.P.

There is no material difference between the parties as to the facts; the difference between them involves only a construction of the applicable law.

The following appears to be a chronological statement of events: Judgment entered March 27, 1945; amended motion for new trial filed by appellee on April 13th; a stipulation by the parties filed May 23rd in which it was agreed: " * * * That the time for the decision of said amended motion for a new trial may be extended until Tuesday, June 5th, 1945, at the hour of ten o'clock A. M., at which time the ruling of the court may be announced." Order of the court overruling the amended motion for new trial was made on June 7, 1945, to which order appellee excepted and gave notice of appeal; affidavit in lieu of appeal bond filed June 26th; contest of "pauper's affidavit" filed July 5th; order overruling the contest entered July 7th; appellee's motion to affirm on certificate filed August 21, 1945; transcript and statement of facts were tendered to this court for filing on August 27, 1945, but the clerk declined to file because of the situation presented by the record, and he holds the record with the notation thereon of the date on which it was tendered to him by appellant. In view of all this we have before us for inspection the entire record.

■ We have concluded that we have never acquired jurisdiction of this appeal and therefore cannot affirm the judgment on certificate. It is obvious that if jurisdiction of the appeal has not been acquired by us, we cannot affirm on the certificate of the trial court clerk. 3 T.J. 739, Sec. 53.

■■ The judgment was entered March 27, 1945; and amended motion for new trial was timely filed April 13th; by written agreement of the parties hearing thereon was postponed until "Tuesday June 5th, 1945, at the hour of ten o'clock A.M. at which time the ruling of the court may be announced." If the written agreement had not been made, the court would have been required to act on the motion, otherwise it would have been overruled by operation of law, long prior to the time to which a hearing thereon was extended by the agreement; in view of the agreement the court was authorized to act upon the amended motion for new trial on the day set by the agreement or at any time prior thereto. Rule 330 (j), T.R.C.P. The last cited rule and section is a verbatim copy of Article 2092, Sec. 28, Vernon's Texas Civil Statutes, and when re-enacted by virtue of the Rule, the same construction will be given to it as that given by the Supreme Court to the previous law in the same language. In Highland Farms Corporation v. Fidelity Trust Co. of Houston, 125 Tex. 474, 82 S.W.2d 627, the Supreme Court held that where by written agreement hearing on a motion for new trial was postponed to a given date and the court did not act on the motion within the time to which it was extended, the motion was overruled by operation of law on that day. As above pointed out, in this case time for hearing on the motion was extended to Tuesday, June 5, 1945, at ten o'clock A. M. The court did not pass on the motion on that or any preceding day, but on June 7th entered an order overruling it. In view of the above authority, we conclude that the motion was overruled by operation of law on June 5, 1945.

Under Rule 356, T.R.C.P., an affidavit in lieu of appeal bond must be filed within twenty days after overruling of the motion for new trial, and in this case the amended motion for new trial was overruled by operation of law on June 5th; twenty days thereafter would be June 25th; the affidavit in this case was filed June 26th, one day late.

■ It has been held that the filing of an appeal bond or affidavit in lieu thereof within the time prescribed by law is jurisdictional with the reviewing court, and that the time provided by law for such filing may not be extended by the courts. Maples v. Service Mutual Ins. Co. of Texas, Tex. Civ.App., 169 S.W.2d 500, writ dismissed; Hubbard v. Faulks et al., Tex.Civ.App., 159 S.W.2d 919.

■ We also call attention to the fact that Rule 386, T.R.C.P., provides that the transcript and statement of facts must be filed in the appellate court within sixty days from the final judgment or order overruling motion for new trial, and that if a motion should be filed in the Court of Appeals before the expiration of said time or within a reasonable time not to exceed fifteen days after the expiration of said sixty day period, showing good cause for not having filed said record, the court could extend the time for filing, etc. In the instant case the transcript and statement of facts were tendered to the clerk

for filing on August 27, 1945, eighty-three days after the motion for new trial was overruled by operation of law on June 5th, and eighty-one days after the trial court attempted to overrule the motion June 7th. Absent a motion to extend the time for filing as provided by the cited rule, the record could not be filed in this court irrespective of whether the motion for new trial was overruled by operation of law on June 5th or by the court on June 7th. Therefore, the clerk of this court was without authority to file the record when tendered to him, hence there is nothing before us for determination of the case on its merits. Hubbard v. Faulks, Tex.Civ. App., 159 S.W.2d 919; Byrnes v. Blair, Tex.Civ.App., 183 S.W.2d 287; Walker v. Cleere, 141 Tex. 550, 174 S.W.2d 956.

In response to appellee's motion to affirm on certificate, the appellant contends that since under Rule 363, T.R.C.P., his appeal was not "perfected" until July 7th when the court overruled the contest of affidavit in lieu of appeal bond, the sixty day period for filing his record in this court under Rule 386, T.R.C.P., began to run at that time, and that he was within the sixty day period when he tendered for filing his record on August 27th. We think this an erroneous construction of the two Rules involved. If a delay in procuring a record is occasioned by a hearing of the contest of the pauper's affidavit, ample provisions are made by Rule 386, T.R.C.P., for an extension of time by the appellate court, on motion of an appellant.

Appellant makes no reply to appellee's contention that the affidavit was not filed in the trial court within twenty days from June 5th, when the amended motion for new trial was overruled by operation of law. Under the authorities cited the timely filing of the affidavit and transcript and statement of facts were necessary requisites to the jurisdiction of this court.

Appellee also raises the sufficiency of the affidavit in lieu of bond, but because we are without jurisdiction of the appeal, we need not pass on that matter; in any event if it was insufficient, it could be amended, we think, under order of the court, by virtue of Rule 437, T.R.C.P. Indian State Oil Co. v. McCutchen, Tex. Civ.App. 183 S.W.2d 692.

■ Our conclusions are that the affidavit in lieu of appeal bond was filed too late to vest jurisdiction in this court, and

without jurisdiction we cannot affirm on certificate, and that motion will be denied. For the additional reason that the transcript and statement of facts were not filed or tendered for filing in this court within the time prescribed by Rule 386, T.R.C.P.. and no timely motion was filed to extend such time, there is nothing before us for consideration on the merits of the case. The motion to affirm on certificate is denied and the appeal ordered dismissed. The clerk of this court will be instructed to return the record to appellant.