City of Corpus Christi v. Live Oak County, Tex.Civ.App., 103 S.W.2d 226; Congleton v. L. Mundet & Son, Tex.Civ.App., 43 S.W. 2d 1111; Yates v. State, Tex.Civ.App., 3 S.W.2d 114; Commercial Standard Ins. Co. v. Lowrie, Tex.Civ.App., 49 S.W.2d 933, writ refused; and many others. See also 43 Tex.Jur., 846.

This Court has held that in an ordinary case where land is involved, mere allegations in the petition that the suit is one for partition is not sufficient to sustain venue under Subdivision 13 where it is made to appear in a plea of privilege that a question of title is involved. In such a case it has been held that the plaintiff must show affirmatively by proof that no title dispute is involved. Pena v. Sling, 135 Tex. 200, 140 S.W.2d 441, 128 A.L.R. 1223; Herrington v. McDonald, 141 Tex. 441, 174 S.W.2d 307; Goolsby v. Bond, 138 Tex. 485, 163 S.W.2d 830; Shell Petroleum Corp. v. Grays, 122 Tex. 491, 62 S.W.2d 113; Tide Water Oil Co. v. Bond, 135 Tex. 334, 143 S.W.2d 751, Id., 136 Tex. 127, 148 S.W.2d 193; and Tide Water Oil Co. v. Bean, 138 Tex. 479, 160 S.W.2d 235.

But these latter cases are distinguishable, in that they have for their bases the fact that where there is a statutory action for partition of real estate under Article 6082 et seq., Vernon's Annotated Civil Statutes, the trial court in such suit, under Article 6086, has the power to determine "all questions of law or equity affecting the title to such land * * *." Subdivision 14 of Article 1995 is mandatory, and says that suits for the recovery of land or damages thereto, and so forth, *must* be brought in the county in which the land, or a part thereof, is situated. Further emphasis is laid in the above cases on the fact that the closing sentence of Subdivision 13 provides: "Nothing herein shall be construed to fix venue of a suit to recover the title to land."

But such is not the case with personal property. The only other subdivision of Article 1995 dealing specifically with personal property as such is Subdivision 10, which provides that a suit for the recovery of personal property *may* be brought in any county "where the property may be or where the defendant resides." We think

suits for the partition of personal property are governed by the general rule announced in Stockyards National Bank v. Maples, supra.

The second question is therefore answered, "No."

**ISBELL, Secretary of State, v. BROWN.**
**No. 11628.**

Court of Civil Appeals of Texas.
San Antonio.

May 8, 1946.

Grover Sellers, Wm. J. R. King, and Geo. W. Barcus, all of Austin, for appellant.

G. Woodson Morris, of San Antonio, for appellee.

PER CURIAM.

Appellee, E. E. Brown, has filed a motion herein praying that the judgment appealed from be affirmed upon certificate, as the transcript was not filed within the time prescribed by Rule 387, R.C.P. The transcript and statement of facts were filed on April 5, 1946.

The judgment of the trial court is before us and it appears therefrom that on January 29, 1946, the trial court peremptorily instructed the jury to find for appellee. The judgment was in Brown's favor and immediately above the trial judge's signature to the draft thereof appear the words: "Dated the 26th day of February, 1946."

By an amendment, effective February 1, 1946, Rule 386 and 306a were changed so as to read as follows:

"Rule 386. Time to File Transcript and Statement of Facts. In appeal or writ of error the appellant shall file the transcript and statement of facts with the clerk of the Court of Civil Appeals within sixty days from the rendition of the final judgment or order overruling motion for new trial, or perfection of writ of error; provided, by motion filed before, at, or within a reasonable time, not exceeding fifteen days after the expiration of such sixty day period, showing good cause to have existed within such sixty day period why said transcript and statement of facts could not be so filed, the Court of Civil Appeals may permit the same to be thereafter filed upon such terms as it shall prescribe."

"Rule 306a. Date of Judgment, Etc. Judges are directed to cause, and attorneys and clerks are directed to use their efforts to cause all judgments, decisions, and orders of any kind to be reduced to writing and signed by the trial judge and the date of signing stated therein; but absence of any such showing shall not invalidate any judgment or order.

"In determining the periods within which the various steps of an appeal must be taken, the date of rendition of a judgment or order shall be deemed to be the date upon which the written draft thereof was signed by the trial judge as stated therein. This rule shall apply in determining the time within which to file a motion for new trial, notice of appeal, appeal bond or affidavit in lien thereof, bills of exceptions, statement of facts in trial and appellate court, transcript in appellate court, petition for writ of error if appeal is by writ of error, or other procedure in connection with appeal; but this rule shall not be construed as determining what constitutes rendition of a judgment or order in any other situation or for any other purpose. In event the date of signing of a judgment or order is not shown therein as required above, then the date of rendition shall be otherwise shown of record."

We hold that, under the rules above set out appellant's time for filing the transcript and statement of facts did not expire until sixty days after February 26, 1946, the date upon which the written draft of the judgment was signed by the trial judge "as stated therein." As the record was filed within such time, appellee's motion is overruled.