## GRANT et ux. v. HUGHES et al.
### No. 2576.

Court of Civil Appeals of Texas. Eastland.
Oct. 11, 1946.

Grady West, of Lubbock, for appellants.

Thomas & Thomas, of Big Spring, for appellees.

LONG, Justice.

The transcript and statement of facts in this case were tendered to the clerk of this court on the 20th day of July, 1946. The clerk refused to file them because more than 60 days had elapsed since the final judgment or order overruling motion for new trial, as required by Rule 386, Rules of Civil Procedure, and for the further reason that the transcript did not include an appeal bond. Counsel for appellant was noti-fied by the clerk of his refusal to file the transcript and statement of facts. On July 26, 1946, an appeal bond was filed in the trial court, which bond was brought up by supplemental transcript and filed in this court on August 3, 1946. Appellants there-after on July 30, 1946, filed in this court an Application for Extension of Time to File Transcript and Statement of Facts, which was granted and such transcript and statement of facts ordered filed. Appellees have filed a motion to dismiss the appeal on the ground that the appeal bond was not filed within the time prescribed by the Rules of Civil Procedure. Rule 356 provides in part as follows: "(a) Whenever a bond for costs on appeal is required, the bond shall be filed with the clerk within thirty days after the date of judgment or order overruling motion for new trial."

The motion for new trial was overruled May 18, 1946. The appeal bond was filed in the District Court on the 26th day of July, 1946. It will be readily seen that the appeal bond was not filed within the time pre-scribed by Rule 356

Appellants contend that counsel for appellees waived the time of the filing of the appeal bond and cannot now assert that the same was not filed in time. There is no such waiver in the record. We find in the clerk's file a letter of date August 13, 1946, from counsel for appellees addressed to counsel for appellants, in which he states, in substance, that if there is anything he can do to cooperate with counsel in getting the record filed so that a review of the case on its merits can be had that he would be glad to be of assistance, and that he did not desire that the appeal be "nipped in the bud" because of some technicality which he could waive. From the authorities we are of the opinion that the rule requiring the filing of an appeal bond within 30 days after the date of judgment overruling mo-tion for new trial is mandatory and juris-dictional and cannot be waived.

Counsel for appellant further con-tends that this appeal should not be dis-missed for the reason that this court has heretofore ordered the statement of facts and transcript filed. As we view the situ-ation, this court was without jurisdiction

and had no authority to enter the order authorizing the clerk to file the record. ·Under all of the authorities that we have been able to find, it has been held that where an appeal bond has not been filed in time the Court of ·Civil Appeals has no jurisdiction over the case. In support of our holding herein we cite the following cases: Bruce v. San Antonio Music Co., Tex.Civ.App., 165 S.W.2d 243 (writ ref.); Texas State Bank of Alice v. John F. Grant Lumber Co., Tex. Civ.App., 169 S.W.2d 224; Labansat v. Cameron County, Tex.Civ.App., 143 S.W.2d 94; Gist v. Holt, Tex.Civ.App., 173 S.W. 2d 216; Maples v. Service Mutual Ins. Co. of Texas, Tex.Civ.App., 169 S.W.2d 500.

We regret that we are unable to consider this case upon its merits, but under the law we have no alternative except to dismiss the appeal for the reasons herein stated. Appeal dismissed.