944

## HOWE v. HOWE et al.
### No. 2773.

Court of Civil Appeals of Texas. Eastland.

Oct. 21, 1949.

Rehearing Denied Nov. 11, 1949.

Fred O. Jaye, De Leon, for appellant.

Bryan Bradbury, Abilene, for appellee.

### PER CURIAM.

Appellees moved to dismiss this appeal on the following grounds: (1) that appellant failed to give notice of appeal within ten days after entry of the judgment herein; (2) and failed to file her appeal bond within 30 days after rendition of the judgment.

This case was submitted to a jury upon special issues. Judgment was entered on March 18, 1949. Motion for a new trial was filed on March 28, 1949. The trial court, upon motion by appellee, struck said motion for a new trial on the ground it was not timely filed. There was a period of more than 5 days from the date of the judgment and the adjournment of the term.

The trial court properly sustained the motion to strike the motion for a new trial because it was not filed within the time required by law. 324, Texas Rules Civil Procedure. Notice of appeal was filed on April 8, 1949. Such notice was not filed within 10 days after the judgment became final as required by Rule 353, R.C.P. The appeal bond was filed on April 27, 1949, which was more than 30 days after the judgment became final. Rule 356, provides that an appeal bond must be filed within 30 days after the rendition of the judgment or order overruling the motion for a new trial. The motion for a new trial not having been filed in time, the judgment of the court became final on March 18, 1949 or at least 2 days thereafter. An appellate court acquires no jurisdiction of the appeal where notice of appeal, if required, has not been given within the time allowed by law. 3 Tex. Jur., Sec. 179, p. 274; Lyell v. Guadaloupe County, 28 Tex. 57; Wright v. Wright, Tex.Civ.App., 101 S.W.2d 655; Richey v. Central Securities Co., Tex.Civ.App., 131 S.W.2d 121; Kirby v. South Texas Nat. Bank of San Antonio, Tex.Civ.App., 127 S.W.2d 955; Backus v. Roper, Tex. Civ.App., 195 S.W.2d 261.

This is likewise true when an appeal bond has not been filed in time. Bruce v. San Antonio Music Co. et al., Tex.Civ. App., 165 S.W.2d 243, writ ref.; Texas. State Bank of Alice v. John F. Grant Lumber Co. et al., Tex.Civ.App., 169 S.W. 2d 224; Labansat et al. v. Cameron County et al., Tex.Civ.App., 143 S.W.2d 94; Gist v. Holt, Tex.Civ.App., 173 S.W.2d 216; Maples v. Service Mut. Ins. Co. of Texas, Tex.Civ.App., 169 S.W.2d 500; Grant et ux. v. Hughes et al., Tex.Civ.App., 198 S.W.2d 630.

We are of the opinion that this court has no jurisdiction of the appeal in this case and that under the law, we have no alternative except to dismiss the appeal for the reasons herein stated.

The appeal is dismissed.