**LA BARBA v. EUBANKS.**

No. 2907.

Court of Civil Appeals of Texas. Waco.

Feb. 23, 1950.

Rehearing Denied March 17, 1950.

Piranio & Piranio, Dallas, for appellant.
T. M. Dalton, Jr., Dallas, for appellee.

HALE, Justice.

This cause has been submitted on briefs of the parties subject to appellee's motion to dismiss the appeal. Appellee says the attempted appeal should be dismissed because (1) this court does not have jurisdiction to review the proceedings of which complaint is made and (2) the issues involved on the purported appeal are now moot.

The record before us discloses that judgment was entered in the court below on June 3, 1949, in favor of appellee and against appellant for the sum of $14,500. On June 11th appellant filed an extensive motion to set aside the verdict of the jury and the judgment entered thereon and to grant him a new trial. On July 25th the court overruled appellant's motion for new trial, to which he excepted and from which he gave notice of appeal. On August 27th appellant filed in the cause what he designated as his "original application to set aside judgment and for injunction", wherein he prayed that the judgment be declared null and void and that appellee be restrained and enjoined from attempting to enforce the same. On September 19th the court dismissed appellant's so-called "original application to set aside judgment and for injunction", to which he excepted and from which he gave notice of appeal. On September 28th appellant caused the sum of $14,780.42 to be paid to appellee in satisfaction of the judgment and thereupon appellee executed and delivered a full, complete and final release of said judgment. On October 4th appellant filed his appeal bond and the same was duly approved by the clerk of the trial court.

As we understand appellant's brief, he contends that the judgment entered against him on June 3, 1949 was void because he says the same was based upon a transaction involving illicit liquor, wherein appellant and appellee had each violated the Texas Liquor Control Act. Vernon's Ann.P.C. art. 666—1 et seq. If this court had jurisdiction to review the proceedings of which complaint is made, we would overrule the contentions of appellant because, among other reasons, (a) the record affirmatively discloses that the trial court had jurisdiction over the parties and the subject matter of the suit at the time when the judgment was entered and hence the judgment was not void, even though it might have been erroneous or voidable, and (b) the record does not contain a statement of facts and consequently we do not know what evidence might have been introduced in the trial court with reference to whether or not appellee had violated the Texas Liquor Control Act.

However, we have concluded that this court does not have jurisdiction over the attempted appeal. It is apparent that appellant's so-called "application to set aside judgment and for injunction" is not an independent suit in the nature of a bill of review. Even though it be regarded as a bill of review, it was wholly insufficient to entitle appellant to any relief, in that it did not attempt to show any reason why appellant had not perfected his appeal from the judgment complained of and it affirmatively showed that appellant was seeking equitable relief in connection with a transaction in which he had admittedly violated the law. In reality, the instrument was nothing more than a second motion for new trial and was undoubtedly filed for the obvious purpose of attempting to aid in perfecting an appeal from the judgment of which complaint is made. It was inadequate for that purpose. 17 T.J. p. 13, Sec. 11; Backus v. Roper, Tex.Civ.App., 195 S.W.2d 261.

Under the provisions of Rule 356, Texas Rules of Civil Procedure, appellant was required to file his appeal bond with the clerk of the trial court within thirty days after the overruling of his motion for

new trial in order to secure a review of the judgment. This requirement was mandatory and jurisdictional. Bruce v. San Antonio Music Co., Tex.Civ.App., 165 S.W. 2d 243, err. ref.; Postell v. Smith, Tex. Civ.App., 182 S.W.2d 519; Grant v. Hughes, Tex.Civ.App., 198 S.W.2d 630; Alexander Motor Co. v. Pruitt, Tex.Civ. App., 198 S.W.2d 947, err. ref. Since appellant failed to file his bond within the time required by law, this court does not have jurisdiction to grant him any relief or to review the proceedings of which he complains.

Therefore, the submission of the cause is withdrawn and the attempted appeal is dismissed at the costs of appellant.