## ALAMO CASUALTY CO. v. TRAFTON.
### No. 12095.

Court of Civil Appeals of Texas.
San Antonio.
March 1, 1950.

Perkins & Floyd, Alice, Paul B. Miller, Jr., Alice, for appellant.

Warner A. Gohmert, Alice, for appellee.

NORVELL, Justice.

Appellee, W. A. Trafton, has filed a motion to affirm the judgment of the trial court upon certificate, in accordance with the provisions of Rule 387, Texas Rules of Civil Procedure, (Mo. No. 16185) and a motion to strike certain instruments from the transcript (Mo. No. 16195).

Motion No. 16185 is overruled for the reason that both the transcript filed by appellant and the certificate filed by appellee show that the order overruling appellant's motion for a new trial was signed on November 17, 1949.- A transcript was filed by appellant in this court on January 16, 1950, which was within the period of time prescribed by Rule 386, T.R.C.P.

Appellee seeks to show that the order overruling the motion for new trial was actually rendered on November 11, 1949. From certificates and affidavits presented to us, it appears that a hearing upon the motion for new trial was had on November 11th, and the trial judge indicated that he would overrule the motion. An order to that effect was prepared by appellee's attorney which recited the date, November 11, 1949. This order was actually signed by the trial judge on November 17, 1949, and when the matter was called to his attention he corrected his order by changing the recited date from November 11 to November 17.

Rule 306a provides that:

"Judges are directed to cause, and attorneys and clerks are directed to use their efforts to cause all judgments, decisions, and orders of any kind to be reduced to writing and signed by the trial judge and the date of signing stated therein; but absence of any such showing shall not invalidate any judgment or order.

"In determining the periods within which the various steps of an appeal must be taken, the date of rendition of a judgment or order shall be deemed to be the date upon which the written draft thereof was signed by the trial judge as stated therein. This rule shall apply in determining the time within which to file a motion for new trial, notice of appeal, appeal bond or affidavit in lieu thereof, bills of exceptions, statements of facts in trial and appellate court, transcript in appellate court, petition for writ of error if appeal is by writ of error, or other procedure in connection with appeal; but this rule shall not be construed as determining what constitutes rendition of a judgment or order in any other situation or for any other purpose. In event the date of signing of a judgment or order is not shown therein as required above, then the date of rendition shall be otherwise shown of record."

The trial court was authorized to correct the order so as to make it show the actual date upon which the order was signed. 25 Tex.Jur. 528, § 134.

From what has been said, it should not be implied that the record as shown by the transcript is subject to attack by affidavit. Gibson v. Singer Sewing Machine Co., Tex.

Civ.App., 145 S.W. 633; De Leon v. Texas Employers Ins. Ass'n, Tex.Civ.App., 159 S.W.2d 574, but our purpose is to point out that even under the theory urged, appellant's motion is not well taken. Motion No. 16185 is accordingly overruled.

Mo. No. 16196 is predicated upon the fact that the county clerk, in copying the endorsements upon certain instruments included in the transcript, did not show in all instances that the date of filing was endorsed or stamped upon the instrument.

It is immaterial whether the clerk failed to properly copy the endorsement or failed to make a record of the filing originally by endorsing the date of filing upon the instrument. The clerk officially certifies that the instruments appearing in the transcript are filed papers. The endorsement reads as follows: "I, C. H. Holmgreen, Clerk of the County Court in and for Jim Wells County, State of Texas, do hereby certify that the above and foregoing are true and correct copies of all the proceedings directed by counsel to be included in the transcript, had in the case of W. A. Trafton v. Alamo Casualty Co., No. 1214, as the same appear from the originals *now on file and of record in this office.*"

Motion No. 16196 is overruled.