## COX v. PAYNE.
### No. 6080.

Court of Civil Appeals of Texas. Amarillo.
May 15, 1950.

J. O. Ward, Borger, for relator.

PER CURIAM.

This is an original proceeding in which relator, Luna Cox, files a petition for mandamus seeking to compel respondent, Elmo Payne, clerk of this court, to file a transcript and statement of facts in a cause styled Glenn Cox v. Luna Cox, bearing number 7646, tried originally in the District Court of the 84th Judicial District of Hutchinson County, Texas. As a result of the trial of the case in the said court relator gave notice of appeal and sought to perfect her appeal to this court. Through her counsel she presented the transcript and statement of facts to respondent for filing the same in this court. Upon examining both the transcript and the statement of facts respondent refused to file them on the grounds that they were not timely presented for filing.

The transcript and statement of facts are before us as a part of the record in this hearing since they were tendered by relator together with her petition for mandamus. A portion of the transcript has been copied and attached as exhibits to the said petition for mandamus. The record reveals that the original case was tried in the trial court on January 27, 1950, with both parties and their respective attorneys all present. At the conclusion of the hearing on the said date the trial court announced judgment for Glenn Cox and against Luna Cox, relator here, in the presence of all parties and directed counsel to draw a judgment accordingly. A judgment was accordingly drawn bearing the date of January 27, 1950, showing notice of appeal given by Luna Cox, relator here, and showing the same date of January 27, 1950, again as the date the judgment was signed by the trial court. The date of January 27, 1950, is shown twice on the face of the judgment and no other date is therein shown. The record reveals that on March 13, 1950, Luna Cox filed her appeal bond with the

clerk of the trial court; that on March 22, 1950, she, through her counsel, filed a motion in the trial court urging that the trial court amend its judgment by changing the date of January 27, 1950, recited therein to February 17, 1950, the latter date being the date said judgment was signed by the trial court in the said cause tried by it on January 27, 1950. The said motion further stated that unless the trial court so amended its judgment Luna Cox would be deprived of her right to appeal. Her said motion was resisted by Glenn Cox and the said judgment was not amended by the trial court in so far as the record reflects. But the trial court did sign a certificate for the record at the request of relator, which certificate is attached to relator's petition as an exhibit. The trial judge there stated, in substance, that he announced his judgment in open court in the presence of all parties on January 27, 1950, and directed that the judgment be accordingly drawn and that it was so drawn but the same was not signed by him until February 17, 1950. Relator also attached to her petition as an exhibit the trial court's finding of fact and conclusions of law made at her request as a result of the original hearing had on the merits. Such findings likewise recite that the trial court announced its judgment from the bench in open court on January 27, 1950, but the same was not signed by the trial court until February 17, 1950.

Relator contends that the time for filing the appeal bond and the record in the case for appeal must be computed from February 17, 1950, the date the trial court signed the judgment regardless of the recitals therein contained to the contrary. Respondent contends that the date for filing such record must be computed from January 27, 1950, the only date recited in the judgment, which date is twice recited therein, the first recital reflecting the date the judgment was pronounced and rendered from the bench in open court with both parties and attorneys respectively present and the second reflecting the date the judgment was signed by the trial court. No other date is mentioned in the trial court's judgment.

Relator relies on the provisions of Rule 306a, Texas Rules of Civil Procedure, and the case of Isbell v. Brown, Tex. Civ.App., 195 S.W.2d 939, to support her position in the matter. Rule 306a became effective on February 1, 1946, and it was passed for the purpose of clearing up former difficulties in computing the date for filing the record on appeal in such cases. The said Rule directs judges, clerks and attorneys connected with the case to see that orders and judgments are reduced to writing, dated and signed by the trial judge and it further provides that the date of rendition of a judgment shall be deemed to be the date upon which the written draft thereof was signed by the trial judge "as stated therein." The date of the judgment in the case at bar and the only date "stated therein" is January 27, 1950. The judgment states on its face that January 27, 1950, was the date it was rendered or pronounced and it further states on its face that such was the date it was signed by the trial court. In the case of Isbell v. Brown, supra, it is true that the trial court peremptorily instructed the jury on January 29, 1946, but the date of the trial court's judgment as stated therein was February 26, 1946, and the latter date was the only date "stated therein" in so far as the record reflects. The court properly held that the latter date controlled and such a holding is supported by Rule 306a. Since January 27, 1950, is the date and the only date recited in the judgment of the trial court in the case at bar showing on its face such to be the date the judgment was pronounced or rendered and signed, such is the date of the beginning of the period within which the various steps of an appeal must be taken as provided for in Rule 306a and the said rule is so construed by the court in the Isbell case. Rule 306a further provides that a failure to show a date in a trial court's order or judgment will not invalidate such order or judgment. The said Rule provides that in such event the date of such rendition may be otherwise shown but parties to a suit are not authorized to impeach the date shown in a judgment by ex parte statements, whether they

are sworn to or not. If jurisdictional facts are not apparent in the record, they may be established, but other facts cannot be substituted for jurisdictional facts that clearly appear in the record. Here the judgment in question clearly recites that it was rendered and signed on January 27, 1950. This date is controlling. Gist v. Holt, Tex.Civ.App., 173 S.W.2d 216.

Rule 356 requires the filing of a bond for costs on appeal in such a case within 30 days from the date of rendition of the judgment. The record before us reflects that relator filed such a bond with the clerk of the trial court on March 13, 1950, which was more than 30 days after January 27, 1950, the date the judgment recites on its face that it was rendered and signed by the trial court. Rule 386 requires the filing of the transcript and statement of facts upon appealing a case such as the one being here considered within 60 days from the rendition of the final judgment, unless the time for such be extended as therein provided. No extension of time for such filing was sought in the case at bar and none was therefore granted. The transcript and statement of facts were tendered to respondent, the clerk of this court, for filing on April 10, 1950, which was more than 60 days after January 27, 1950, the date the judgment recites on its face that it was rendered and signed by the trial court. The matters here presented are jurisdictional and cannot be waived even by an adverse party. Grant v. Hughes, Tex.Civ.App., 198 S.W.2d 630.

It is the policy of this court to construe the rules of procedure as liberally as we can and at the same time have due regard for orderly procedure. But the rules were written for guidance and the one presented here must be construed with reasonable certainty since its observance raises jurisdictional questions. It is our opinion that the transcript and statement of facts were not timely presented for filing in this court and that respondent properly refused to file them after inspecting the contents thereof and the petition of relator seeking a mandamus to compel respondent to file such is in all things denied. Our position is supported by the following additional authorities: Alamo Casualty Co. v. Traf-

ton, Tex.Civ.App., 228 S.W.2d 195; Howe v. Howe, Tex.Civ.App., 223 S.W.2d 944; Bruce v. San Antonio Music Co., Tex.Civ. App., 165 S.W.2d 243; Maples v. Service Mut. Ins. Co. of Texas, Tex.Civ.App., 169 S.W.2d 500. Petition for mandamus denied.