**FERRIS**

v.

**FORT WORTH CIVIL SERVICE COMMISSION et al.**

No. 16354.

Court of Civil Appeals of. Texas.

Fort Worth.

June 4, 1954.

Samuels, Brown, Herman & Scott and Ardell Young, Fort Worth, for appellant.

R. E. Rouer, City Atty., and S. G. Johndroe, Jr., Asst. City Atty., Fort Worth, for appellees.

PER CURIAM.

The matter brought before the Court is a motion on the part of the Fort Worth Civil Service Commission and its members in their official capacities, and the City of Fort Worth, Texas, to affirm a summary judgment rendered in their behalf in the District Court of Tarrant County, Texas, on March 1, 1954, against C. D. Ferris. To the entry of the judgment, notice of appeal was given by Ferris, and the fact of the notice embodied in the judgment.

The certificate of the District Clerk of Tarrant County, Texas, certifies that the judgment of the court which is attached thereto is a complete, true and exact copy of the judgment entered by the court. The certificate is dated May 18, 1954. It was handed to the Clerk of this court the same day.

This Court takes judicial notice of its own records. There is no record on file in the court, or tendered and pending before it, of any instrument relating to any appeal of the cause to which the motion and certificate relate. Neither is there any record of any original proceeding relating

to the cause of action in question. The motion states that the summary judgment entered in the court below is a "judgment appealed from", and that no statement of facts, transcript of the record, or brief has been filed in this court by the appellant. The motion concluded with the prayer that the movants have from this court an affirmance of the judgment of the court below.

Under this state of our records we have no jurisdiction of the cause of action or of any appeal relating to it. We are controlled by the authorities of Maples v. Service Mut. Ins. Co., Tex.Civ.App., Austin, 1943, 169 S.W.2d 500, error dismissed, and Greer v. Poulter, Tex.Civ.App., Fort Worth, 1945, 189 S.W.2d 883, error refused, w. m. Where jurisdiction of an appeal has not been acquired by a Court of Civil Appeals, it cannot affirm any judgment on the certificate of a trial court clerk. T.R.C.P. 387. Under the provisions of T.R.C.P. 363, an appeal is perfected when the notice of appeal is given *and the bond (when bond is required) or affidavit in lieu thereof has been filed, or if affidavit contested, when the contest is overruled.*

Though the City of Fort Worth, as an incorporated city, and the other movants in their official capacities, as an arm of the city's government and as officials of the city, are entitled to perfect an appeal merely by giving notice of appeal, we know of no law and have been cited to none which would excuse the filing of a bond, or affidavit in lieu thereof, to perfect any appeal by the individual against whom judgment was obtained. No mention of any bond is to be found anywhere among the papers we hold. We may assume none was filed. The body of the summary judgment does not disclose the form of action sued upon by Ferris, who was the plaintiff in the court below. The judgment merely recites the fact that there was an absence of any genuine issue of a material fact before the court.

Under these circumstances, we have no jurisdiction of any appeal and are powerless to affirm on certificate.

The motion is overruled.