M. J. TIAN, Appellant,

v.

Henry KEMPENSKI, Appellee.

No. 3235.

Court of Civil Appeals of Texas.

Waco.

Jan. 13, 1955.

Mac L. Bennett, Jr., Normangee, M. E. Gates, Huntsville, for appellant.

Parten & Parten, Franklin, for appellee.

HALE, Justice.

On December 22, 1954, appellee filed in this cause his motion to have the case affirmed on certificate. Attached to the motion are certified copies of certain pleadings filed in the trial court, of the judgment rendered therein, and of the appeal bond. From the certified copies so attached to the motion, it appears that on March 12, 1954 final judgment was rendered in the trial court in favor of appellee for the sum of $500, to which judgment appellant duly excepted and gave notice of appeal to this court. The certificate further shows that a proper appeal bond was executed under date of April 9, 1954, but the same was not filed with or approved by the clerk of the trial court until April 13, 1954.

Under date of May 4, 1954, appellant filed in this court his motion for an extension of thirty days from and after the expiration of the time provided by the Rules of Civil Procedure for the filing of a transcript and statement of facts in this court, alleging in substance therein that final judgment had been rendered on March 12, 1954 and that he had given proper notice of appeal and filed supersedeas bond in the time and manner required by law. The motion was granted and an order entered by this court extending the time for filing transcript and statement of facts for thirty days after the expiration of the time otherwise provided by law and the Rules of Civil Procedure.

 Since it now appears from the certificate attached to appellee's motion to affirm, that the appeal bond was not filed within thirty days after the rendition of judgment in the trial court, as required by Rule 356 T.R.C.P., this court has acquired no jurisdiction whatsoever of the attempted appeal and therefore we cannot affirm the judgment of the trial court on certificate. Pryor v. Krause, Tex.Civ. App., 150 S.W. 972; Greer v. Poulter, Tex.Civ.App., 189 S.W.2d 883. However, since the time for filing transcript, as heretofore extended, has expired, this court does not have and cannot acquire jurisdiction to consider the case on its merits. Therefore, the attempted appeal will be and it is hereby dismissed from the docket of this court for want of jurisdiction.