**MAGIC VALLEY PRODUCE CO. et al.,**
**Appellants,**

**v.**

**Jim BALDRIDGE et al., Appellees.**

**No. 182.**

Court of Civil Appeals of Texas.

Corpus Christi.

Aug. 26, 1965.

F. B. Godinez, Pharr, for appellants.

Sid L. Hardin, Edinburg, for appellees.

PER CURIAM.

This is a motion to dismiss an appeal, filed by the appellees questioning the jurisdiction of the Court of Civil Appeals. The motion is based essentially upon two grounds. 1) That the appellant failed to file its appeal bond within thirty days after rendition of judgment, (Rule 356(a), Texas Rules of Civil Procedure) and 2) that appellant failed to file its transcript with the clerk of this Court within sixty days from rendition of judgment as prescribed by Rule 386, T.R.C.P.

The written draft of the judgment does not state therein the date the instrument was signed by the trial judge. A determination of this motion therefore rests upon a single issue: Where the date of signing of the judgment is not shown therein, can the date of signing be proved otherwise?

The trial court in considering appellees' motion for summary judgment on May 19, 1965, notified the attorneys for the respective parties that it was of the opinion that motion for summary judgment of (plaintiffs) appellees was good and should be granted. The written judgment contained only one date, but recited that date at three different places in the written draft. At the very beginning the judgment recited that:

"* * * on the 19th day of May, A.D. 1965, came on to be heard * * *."

Then in the center portion the judgment stated:

"* * * that this summary judgment should be rendered for Plaintiffs * *."

"Therefore, it is ORDERED, ADJUDGED and DECREED by the Court on this 19th day of May, A.D. 1965, that the Plaintiffs * * *."

And then just above the trial judge's signature there appears in the judgment:

"ENTERED this 19th day of May, A.D. 1965."

We have no doubt that the judgment was rendered on the 19th day of May, 1965. Appellant, in an effort to resist the dismissal of its appeal, offers letters which would indicate that the judgment was signed June 1, 1965. If this were true and the judgment stated that it was signed June 1, 1965, appellant's appeal bond and transcript would have been timely filed. Rule 306a provides that the date of rendition of a judgment for purposes of computing the critical time table of appeal, shall be deemed to be the date upon which the written draft thereof was signed by the trial judge *as stated therein*. The only date "stated therein" in the judgment is May 19, 1965. Rule 356(a) required that the appeal bond be filed within thirty days after rendition of judgment. Rule 386, T.R.C.P., required

that the transcript be filed within sixty days from rendition of the judgment. Where the judgment does not recite therein the date that it was signed, then, the critical time limits must be calculated from the date of rendition. Hedley Independent School District v. Doneghy, 358 S.W.2d 724, (Tex.Civ.App.1962) and cases cited therein.

Calculating the time for filing of the transcript, the same was due on July 19, 1965. The transcript and supplemental transcript were received July 28, 1965. On July 30, 1965, appellees filed their motion to dismiss the appeal. The seventy-fifth day (the time upon which a motion for extension of time could have been received and considered by this Court under Rule 386, T.R.C.P.) was August 2, 1965. No application for extension of time was requested by the appellant. A second supplemental transcript was received by the clerk on August 16, 1965.

Appellant, by its answer to the motion to dismiss, by affidavit and by supplemental transcripts, attempts to impeach the recitals in the judgment to the effect that the judgment was actually signed on June 1, 1965, and therefore such date should be considered as the date of rendition and the time from which the various steps of appeal would be calculated. One letter is from the attorney for the appellees dated May 31, 1965, acknowledging receipt on May 27, 1965, of the enclosed summary judgment. The letter stated that:

"We will file this judgment tomorrow, June 1, 1965."

Another letter from the attorney for appellees, written to the attorney for appellant, was to the effect that the judgment should be approved as to form by the attorney for appellant and returned promptly. The letter goes on to admonish the attorney for appellant to the effect that if the attorney for appellees had not received any word concerning the matter (approving the judgment as to form) then:

"* * * accordingly, on next Tuesday morning, (June 1) if we have not re-

ceived a return of the form of judgment with your signature as to form, we will go ahead and have the Court enter the judgment without any signature."

These letters are not a part of the judgment and cannot be considered.

In computing the time for the filing of the appeal bond and transcript, the date of rendition of the judgment controls. There is no question that this judgment was rendered on May 19, 1965. Knox v. Long, 152 Tex. 291, 257 S.W.2d 289 (Tex.Sup.Ct. 1953). In the case of Cox v. Payne, 231 S.W.2d 957, the judgment showed that it was signed and rendered January 27, 1950. However, it was apparent that the judgment was actually signed February 17, 1950, as the trial judge signed a certificate stating that the judgment was not signed until a later date. The Amarillo court sustained a motion to dismiss the appeal for want of jurisdiction because the appeal bond was not filed within thirty days after January 27, 1950. In Heard v. Heard, 305 S.W.2d 231, (Tex.Civ.App.1957, writ ref.) the judgment showed that it was rendered on June 13, 1956, but did not show on its face what date it was signed. The Court held that:

"* * * the date of rendition may not be impeached for purposes of appeal by affidavits or otherwise, or by anything short of the amendment of the judgment itself."

Appellant here made no attempt to amend the judgment. The matters presented here are jurisdictional. A rendition of the judgment is determinative of the time set by Rules 356(a) and 386, T.R.C.P. The parties to a suit are not authorized to impeach the date shown in the judgment by ex parte statements, whether sworn to or not. Cox v. Payne, supra; Heard v. Heard, supra; see also, Rosenfield v. Hull, Tex.Civ. App., 304 S.W.2d 571 (writ dism.); Polis v. Alford, 267 S.W.2d 918, (Tex.Civ.App. 1954); Alamo Casualty Co. v. Trafton, 228 S.W.2d 195 (Tex.Civ.App.1950). We re-

gret that we are unable to consider this case upon its merits but under the law, we have no alternative except to dismiss the appeal for the reasons herein stated.

Motion to dismiss is granted. Appeal dismissed.