**TEXAS STATE BANK OF ALICE v. JOHN F. GRANT LUMBER CO. et al.**
No. 14703.

Court of Civil Appeals of Texas.
San Antonio.
Feb. 17, 1943.

Lloyd & Lloyd, of Alice, for appellant.
Perkins & Floyd, of Alice, for appellees.

SMITH, Chief Justice.

In this case Texas State Bank of Alice has filed its motion for extension of time within which to file the record in this Court. The attempted appeal is from an interlocutory order overruling the bank's plea of privilege.

The motion shows on its face that upon the hearing of the plea of privilege, on January 4, 1943, the trial judge "announced on said day he would overrule said plea of privilege," but that the order thereon "was not signed and directed to be entered upon the minutes by said court until January 15, 1943; and that on January 26, 1943," the Bank filed and the Clerk approved its appeal bond.

The procedure applicable to appeals from interlocutory orders, which includes appeals from orders overruling or sustaining pleas of privilege, is prescribed in Rule 385, Texas Rules of Civil Procedure. It is there provided that in such cases appeals may be prosecuted by filing an appeal or supersedeas bond "within twenty days after rendition of the order appealed from" and by filing the record in the appellate court "within twenty days after rendition of the order appealed from. Provided, that upon the filing of a motion in the appellate court within such twenty-day period, or within five days thereafter, showing good cause therefor, such court may grant a reasonable extension of time in which to file such record or any part thereof."

It is now well settled that a statute or rule prescribing that steps towards perfecting appeals shall be taken within a designated period "from" or "after" the rendition of the judgment appealed from, such time or period must be computed from the date of pronouncement of judgment without regard to the date the judgment is reduced to writing or signed by the trial judge or entered in the minutes. Bruce v. San Antonio Music Company, Tex.Civ. App., 165 S.W.2d 243, writ refused.

In this case the judgment was pronounced on January 4, although not reduced to writing or entered in the minutes until a later date. Under the authorities, the appeal bond should have been filed below by January 24, and the record should have been filed in this Court on the same date, subject to an extension of that period by this Court upon good motion filed here by the appealing party "within such twenty-day period, or within five days thereafter." The motion in this case was not filed here within the prescribed twenty-day period, nor within five days after the expiration of that period; it was not filed in this Court until February 3, which was at least four days after the time prescribed by Rule 385, when computed, as it must be, from the pronouncement of the judgment sought to be appealed from.

As the power of this Court to extend the time for filing the record in this case is derived from Rule 385, and may be invoked only by the method and within the time prescribed therein, and as the prescribed steps were not taken in the manner and within the time prescribed, this Court has no jurisdiction of the cause for any purpose.

The motion discloses, as well, that because the Bank's appeal bond was not filed

below "within twenty days after rendition of the order appealed from," jurisdiction of this Court was never invoked for any purpose. The motion for extension of time for filing the record must therefore be denied.