## HOMESTEAD LUMBER CO. et al. v. HARRIS.

### No. 2607.

Court of Civil Appeals of Texas. Waco.

Feb. 10, 1944.

A. J. Thompson, of Nacogdoches, for appellants.

E. J. McLeroy, of Center, for appellee.

HALE, Justice.

This is an attempted appeal from an interlocutory order overruling appellants' pleas of privilege. Appellee says the appeal should be dismissed because the record was not filed in the appellate court within the time or under the circumstances required by Rule 385 of the Texas Rules of Civil Procedure.

The District Court of Shelby County rendered its judgment overruling appellants' pleas of privilege on August 4, 1943, at which time they duly excepted and gave notice of appeal to the Court of Civil Appeals for the Ninth Supreme Judicial District at Beaumont. The transcript bears the trial clerk's certificate under date of August 19th, and the statement of facts was filed in the court below on August 21st. On August 30th appellants filed in the Beaumont Court their motion for an extension of time within which to file the record there and, such motion having been granted, the record was then filed in that court on the same day. Thereafter appellee filed his motion to dismiss the attempted appeal upon the ground that the record was not filed in the appellate court within twenty days after the rendition of the order overruling the pleas of privilege and no motion was filed within such twenty-day period, or within five days thereafter, for an extension of time within which to file the record. In compliance with an order of the Supreme Court entered on January 12, 1944, the cause was properly transferred from the Beaumont Court into this court. Consequently, we

162

are now required to pass upon appellee's motion to dismiss the appeal.

Rule 385, Texas R.C.P., provides that appeals from interlocutory orders, when allowed by law, may be taken by

"(a) Filing an appeal or supersedeas bond within twenty days after rendition of the order appealed from, conditioned as required by the rules governing appeals generally; and

"(b) Filing the record in the appellate court within twenty days after rendition of the order appealed from. Provided, that upon the filing of a motion in the appellate court within such twenty-day period, or within five days thereafter, showing good cause therefor, such court may grant a reasonable extension of time in which to file such record or any part thereof."

The foregoing clear and unequivocal provisions with respect to the manner in which appeals from interlocutory orders may be taken appear to be mandatory and exclusive. Under this rule as originally promulgated by the Supreme Court, no authority whatsoever was given the appellate court to extend the time within which the record could be filed. By amendment which became effective on December 31, 1941, the last sentence above quoted was added to the rule. We think the purposes and wisdom of the amendment are readily apparent. At any rate, under the rule as it has existed since the amendment, the authority of an appellate court to extend the time for filing the record beyond the twenty-day period arises only when a motion is filed within the twenty-day period, or within five days thereafter, showing good cause therefor.

If the quoted provisions of Rule 385 are mandatory, exclusive and jurisdictional, as we think they are, then the fact that this record was filed only six days too late, or that the motion for an extension of time was filed only one day too late, or the reasons why the record or motion was not sooner tendered for filing, all become immaterial insofar as the powers of this court are concerned. Because the record was not filed in the appellate court on or before August 24, 1943, and because no motion was filed in the appellate court on or before August 29, 1943, for an extension of time within which to file the same, we are forced to the conclusion that the Beaumont Court of Civil Appeals did not acquire and this court does not now have authority or jurisdiction to review the action of the District Court in overruling appellants' pleas of privilege. Walker v. Cleere, Tex.Sup., 174 S.W.2d 956; Id., Tex.Civ.App., 171 S.W.2d 151; L. H. Lacy Co. v. Flowers, Tex.Civ.App., 169 S.W.2d 790, error dismissed; Texas State Bank of Alice v. John F. Grant Lumber Co., Tex.Civ.App., 169 S.W.2d 224; Tavera v. Ovalle, Tex.Civ.App., 143 S.W.2d 634; Booth v. Amicable Life Ins. Co., Tex.Civ.App., 143 S.W.2d 836, error dismissed, points 1 and 2 and authorities there cited.

Accordingly, appellee's motion to dismiss the appeal must be and the same is hereby granted and the appeal is dismissed.