**TURNER v. GARBER et al.**

No. 14241.

Court of Civil Appeals of Texas. · Dallas.

June 30, 1950.

Rehearing Denied Aug. 1, 1950.

Cedric G.· Hamlin, Dallas, for appellant.

King S. Williamson and Edward C. Fritz, Dallas, for appellees.

CRAMER, Justice.

This is an appeal from an order, after hearing·before the court without a jury, overruling defendant's motion to strike plaintiffs' controverting plea, sustaining plaintiffs' motion to file their controverting plea late, and overruling defendant's plea of privilege. Appellant's first three points assert error of the trial court: (1) in permitting appellees to file their controverting·plea more than ten days after the filing of the plea of privilege; (2) granting permission to. file the controverting plea late, which .was an abuse of discretion; and (3) overruling appellant's motion to strike the controverting affidavit. Appellant's plea of privilege was filed December 19, 1949 and the controverting affidavit was not filed until December 30, 1949. On January 27, 1950 appellant filed his motion to strike appellees' controverting affidavit for the reason that same·was .not filed within the time prescribed by Texas Rules of Civil Procedure. On January 28, appellees filed their motion for leave to file their controverting plea late, and on January 31 appellant filed his answer to such motion, denying good cause.

Edward C. Fritz testified that appellees received copy of appellant's plea of privilege on December 22 or 23; that on December 21, LeRoy Paddock, Secretary and Attorney in the office of King S. Williamson and Edward C.. Fritz, attorneys for appellees, was. removed in an emergency to a hospital, and died the next day; that he and Mr. Williamson had to familiarize themselves with the work of Mr. Paddock, and were unable to prepare the controverting plea until December 28th; that at that time their clients were out of town and neither he nor Mr. Williamson

174

had personal knowledge of the note involved. It also appears that the controverting plea was filed less than one-half day late; that the copy of the plea of privilege, which should have been mailed at the same time the pleading was filed, under Rule 72, T.R.C.P., was not mailed until. December 21, 1949, at three o'clock, P.M. Under the evidence, we are of the opinion that the trial court did not abuse his discretion in permitting the late filing of the controverting affidavit, nor in overruling appellant's motion to strike the controverting affidavit since the evidence raised the issue of good cause.

Appellant's fourth and last point asserts that the note sued on having been destroyed, and appellee having failed to prove execution of the original note, the court erred in overruling his plea of privilege. The witness Garber testified that he had seen the original note before its destruction; that such note was given in payment of an insurance policy; that the original note was returned to appellant when appellant gave a check in purported payment thereon; that thereafter appellant secured the check from appellee on pretext of adding to it, but immediately after getting possession of the check, appellant destroyed it and the note; that he (Garber) did have in his possession, however, a photostatic copy of the note made before appellant secured possession of it by the giving of the check. Such photostatic copy was introduced in evidence. No objection was made to its introduction, at the time it was offered in evidence, on the ground of failure to prove execution thereof. The note recited that it was payable in Dallas County, Texas.

Under the circumstances, the photostatic copy, having been properly proven, was admissible in evidence. This copy contained the signature of appellant as it appeared on the original, and sustained the court's judgment without the necessity of further evidence to prove its execution.

All assignments are overruled and the judgment below is affirmed.