**FRED HALL & SON, Appellant,**

v.

**William E. NEW, Appellee.**

No. 3293.

Court of Civil Appeals of Texas.

Waco.

May 5, 1955.

Rogers & Foster, Austin, for appellant.

Prentice Oltorf, T. B. Bartlett, Sr., Marlin, for appellee.

McDONALD, Chief Justice.

This proceeding involves an attempted appeal by Fred Hall & Son from an order of the District Court of Falls County overruling their plea of privilege to be sued in Bosque County, the county of their residence. Parties will be referred to as they were in the Trial Court.

Plaintiff New sued defendants Hall & Son in Falls County for damages growing out of an accident occurring in Falls County. Defendants filed their plea of privilege to be sued in the county of their residence, Bosque County. Plaintiff controverted the plea of privilege, seeking to sustain venue under Subdivision 9a, Article 1995, Vernon's Ann.Civ.St. The court without a jury, after hearing, overruled defendants' plea of privilege on *11 February 1955*. Defendants excepted and gave notice of appeal. On *12 April 1955*, Transcript and Statement of Facts were presented to the Clerk of this Court for filing, but the Clerk declined to file same because under the provisions of Rule 385, Texas Rules of Civil Procedure, they were tendered too late. Thereafter, on *22 April 1955*, defendants filed a motion here praying that this court *"extend the time for filing Transcript and Statement of Facts from March 3, 1955, until April 12, 1955, and further that this Honorable Court direct the Clerk to file same."*

Defendants' motion asking that time for filing be extended and that the Clerk be directed to file the Transcript and Statement of Facts states that defendants exercised diligence in getting the Transcript and Statement of Facts filed but were prevented from doing so through no fault of their own. Defendants urge on this court Rule 1 T.R.C.P. as authority for sustaining their prayer for a late filing of the record.

In the case at bar judgment overruling the plea of privilege was entered on *11 February 1955*. Rule 385 T.R.C.P. provides *that appeals from interlocutory orders may be taken by 1) "Filing an appeal or supersedeas bond within twenty days after rendition of the order appealed from * * *. 2) Filing the record in the appellate court within twenty days after rendition of the order appealed from. Provided, that upon the filing of a motion in the appellate court within such twenty-day period, or within five days thereafter, showing*

*good cause therefor, such court may grant a reasonable extension of time in which to file such record * * *.*"

■ No motion was filed in this court requesting extension of time until *22 April 1955.* The record itself was not tendered for filing until *12 April 1955,* or some 60 days after the entry of the order appealed from overruling the plea of privilege. The motion to extend was filed some 50 days after the expiration of the 20 day period prescribed by Rule 385, supra, for filing the record, rather than within 5 day period thereafter as permitted by that rule.

Rule 385 T.R.C.P., supra, is mandatory and jurisdictional. The authority of the appellate court to extend the time for filing the record beyond the 20 day period arises only when a motion *is* filed within the *20* day period or within 5 days thereafter showing good cause therefor. Texas State Bank of Alice v. John F. Grant Lbr. Co., Tex. Civ.App., 169 S.W.2d 224; Homestead Lbr. Co. v. Harris, Tex.Civ.App., 178 S.W.2d 161.

Since the record was not tendered for filing in this court within the 20 days prescribed by Rule 385, nor was a motion to extend the time for filing filed within 5 days after the 20 days prescribed, this court is without jurisdiction to consider the cause on appeal.

Consequently, regardless of why the record was not tendered to the clerk of this court for filing within the time prescribed, we have no legal authority or discretion under the existing circumstances to order or permit such record to be filed at this time. The provisions of Rule 1, T.R.C.P., cannot be availed of to contravene the express provisions of Rule 385, hence is of no avail to defendants in this case.

Further to all that has been said, the record reveals that the appeal bond in this case was not filed until 8 March 1955, which was more than 20 days after 11 February 1955, the date upon which the order overruling the plea of privilege was entered. Failure to file the appeal bond within the 20 day period prescribed is likewise jurisdictional under Rule 385, T.R.C.P. Pinkston v. Victoria Bank & Trust Co., Tex. Civ.App., 210 S.W.2d 612.

It follows that defendants' motion to extend time for filing of the record and to direct the clerk of this court to file the record as tendered is overruled and refused.