Louise NORWOOD, et vir, Appellants,

v.

Amalie FORSTER et al., Appellees.

No. 3352.

Court of Civil Appeals of Texas.

Waco.

April 26, 1956.

Rehearing Denied May 31, 1956.

Biggers, Baker, Lloyd & Carver, Dallas, for appellants.

Levey & Goldstein, San Antonio, for appellees.

HALE, Justice.

This appeal grew out of a venue proceeding. Appellees brought an action against appellants in the District Court of Bexar County for the title to certain lots situated in the City of San Antonio. Appellants duly filed in the cause their plea of privilege to be sued in Dallas County, mailing a copy of such plea by registered mail, return receipt requested, to "Mr. Jay Sam Levy, Attorney at Law, c/o Levy & Goldstein". The return receipt was signed "Mary Hoare (Secretary to Mr. Goldstein) Mr. Jay Sam Levy", and recited that the date of delivery of the registered article was August 22, 1955.

On September 2, 1955, appellees filed in the cause their controverting affidavit to the plea of privilege of appellants on the ground that venue for a trial of the case on its merits was properly laid in Bexar County under Subdivision 14 of Art. 1995, Vernon's Tex.Civ.Stats., in that their suit was an action for the recovery of land which wholly lies in Bexar County. The court set the time for a hearing of the plea of privilege for September 23, 1955. On the latter date, appellants filed and presented their motion to strike the controverting affidavit of appellees for the reason that the same had not been filed within ten days from August 22, 1955. In their verified reply to appellants' motion to strike their controverting affidavit, appellees alleged that neither they nor their attorney of record had any actual knowledge of the filing of the plea of privilege until September 2, 1955 and based upon the facts therein set forth, they prayed that the motion of appellants to strike their controverting affidavit be overruled. The court overruled the motion of

appellants to strike the controverting affidavit of appellees and also overruled the plea of privilege of appellants.

Appellants predicate their appeal upon the contention that the trial court erred in overruling their motion to strike the controverting affidavit of appellees and in considering such controverting affidavit because it was filed too late. On the other hand, appellees say their controverting affidavit was not filed too late because it was filed on the same day their attorney of record, Jay Sam Levy, received a copy of appellants' plea of privilege. They also say that even though their controverting affidavit was filed one day too late, the record shows good cause for the delay and that the court did not err in overruling appellants' motion to strike it.

Rule 86, Texas Rules of Civil Procedure, as changed by amendment effective January 1, 1955, requires a copy of a plea of privilege to be served on the adverse party or his attorney of record by actual delivery in person to him or by mailing a copy of such pleading to him by registered mail return receipt requested, and requires the filing of a controverting affidavit within ten days after receipt thereof. Rule 5, T.R.C.P., provides that when an act is required to be done within a specified time, the court may permit the act to be done after the expiration of the specified period of time where good cause is shown for the failure to act, subject to certain limitations.

The record before us discloses that on August 22, 1955, attorney Levy was absent from the City of San Antonio on vacation, and his secretary was also on vacation. He returned to the city and to his office on September 2, 1955, when he found the registered letter containing copy of appellants' plea of privilege unopened. Attorney Levy did not know Miss Hoare prior to September 2, 1955, nor did she know him. After she received the registered letter and signed the receipt for the same, she did not show it to attorney Goldstein, but placed it with the other mail addressed to attorney Levy. It appears that Miss Hoare had been employed by attorney Goldstein as his secretary while attorney Levy was absent from his office on vacation.

Assuming, without deciding, that appellees' controverting affidavit was not filed within ten days after their attorney of record received a copy of appellants' plea of privilege, we do not think the trial court erred in overruling the motion of appellants to strike the same because, in our opinion, the court was warranted in finding and concluding, as recited in the judgment, that good cause was shown for the failure of appellees to file their controverting affidavit sooner than they did. Pelton v. Allen Investment Co., Tex.Civ.App., 78 S.W.2d 272; Pinkston v. Wills, Tex.Civ. App., 200 S.W.2d 843; Turner v. Garber, Tex.Civ.App., 232 S.W.2d 173; Perkins v. Super-Cold Southwest Co., Tex.Civ.App., 241 S.W.2d 311, (er. dis.).

Accordingly, the judgment appealed from is affirmed.