Joyce SNIDER et al., Appellants,

v.

ASSOCIATES INVESTMENT CO.,
Appellee.

No. 15281.

Court of Civil Appeals of Texas. Dallas.

April 5, 1957.

Rehearing Denied May 10, 1957.

Leachman, Gardere, Akin & Porter and Gordon H. Rowe, Jr., Dallas, for appellants.

Bonney, Wade & Stubblefield, Dallas, for appellee.

DIXON, Chief Justice.

This is an appeal from an order overruling pleas of privilege filed by appellants Joyce Snider and C. R. Crandall, who were sued in Dallas County, Texas and sought to have the cause transferred to Harris County, Texas, their county of residence.

The suit was filed August 30, 1956 by appellee Associates Investment Company for debt and foreclosure based on a note dated June 11, 1956 in the principal sum of $3,720 secured by a chattel mortgage lien on a 1956 model Buick automobile. The note was payable in two installments of $1,860 each, one installment due and payable on July 26, 1956 and the other installment one month thereafter. It was alleged that the note and mortgage were executed by appellant Joyce Snider, but that appellant C. R. Crandall claimed an interest in the automobile, the nature of which interest was known only to Crandall. It was further alleged that the installment payments were both past due and unpaid.

The note expressly provides for payment at the office of Associates Investment Company at Dallas, Texas.

In connection with its suit appellee caused the automobile to be seized under a writ of sequestration. Appellant Crandall thereupon posted a replevy bond, and so far as the record shows, the car is still in his possession.

On September 6, 1956 appellant Crandall filed a plea of privilege seeking to transfer the cause as to him to Harris County for trial. On September 10, 1956 appellee Associates Investment Company filed its controverting plea, which by reference incorporated a copy of appellee's amended petition filed that same day.

The above mentioned controverting plea filed by appellee on September 10, 1956 is unusual and calls for careful study as to its legal effect. It is directed to both appellant Crandall and appellant Snider by expressly naming them, though at the time only Crandall had filed a plea of privilege. Snider had not yet filed either a plea or privilege or an answer. Therefore it may be said that as to appellant Snider the controverting affidavit of September 10, 1956 was prematurely filed.

On October 1, 1956, which was return day, appellee, through its attorney upon investigation at the courthouse, found no answer or plea of privilege in behalf of appellant Joyce Snider in the jacket containing the court papers, and found no notation on the Court's docket sheet of any such plea or answer having been filed. Thereupon appellee requested and the Court granted a default judgment in favor of appellee Associates Investment Company against appellant Joyce Snider. Later that same day, October 1, 1956, appellee's attorney received by registered mail a copy of a plea of privilege in behalf of Joyce Snider.

On October 12, 1956 the trial court discovered that Joyce Snider's plea of privilege bore a file mark of the District Clerk indicating that the plea had been filed with the Clerk on September 29, 1956—two days prior to the time the default judgment had been rendered. The trial court on its own motion then set aside the default judgment and permitted appellee Associates Investment Company to file a second controverting affidavit, this affidavit being directed only to Snider's plea of privilege. This second controverting plea was not filed within the ten-day period required by Rule 86, Texas Rules of Civil Procedure.

The second controverting affidavit, above mentioned, filed October 12, 1956, recited that same was filed without waiving the former controverting affidavit filed September 10, 1956 by appellee.

On November 1, 1956 the Court conducted a hearing and thereafter overruled both pleas of privilege. Above the Judge's signature on the written judgment is this recitation: "Entered this 12th day of November, 1956."

■ Appellee in a written motion asks us to rehear and reconsider our action heretofore taken in overruling appellee's motion to dismiss this appeal. Appellee points out that the transcript on appeal was not filed in the Court of Civil Appeals until November 30, 1956, which was more than twenty days after the ruling of the Court on November 1, 1956, and, says appellee, was too late under Rule 385, T.R.C.P. to confer jurisdiction on this Court. In support of this contention we are cited to the case of Texas State Bank of Alice v. John F. Grant Lumber Co., Tex.Civ.App., 169 S.W.2d 224.

We overrule appellee's motion. Rule 306a, T.R.C.P., seems to us to be applicable here. This rule provides that the date of the rendition of a judgment or order shall, for purposes of appeal, be deemed to be the date upon which the written draft thereof was signed by the trial judge as stated therein. We think that the above quoted recitation from the written judgment in this case, while not a literal compliance, is a substantial compliance with the rule. Texas State Bank of Alice v. John F. Grant Lumber Co., supra, was decided before Rule 306a, T.R.C.P., went into effect.

In response to request, the trial court filed findings of fact and conclusions of law. Among them are the following:

"The note admitted in evidence was payable in Dallas. C. R. Crandall filed a plea of privilege, which was controverted by affidavit of plaintiff as to both named defendants within the ten (10) day period prescribed by law. Joyce Snider's plea of privilege apparently was mailed from Houston, Texas, on September 28, 1956, and was stamped as received by the District Clerk's Office as of September 29, 1956; it did not reach the docket sheet or the Court jacket before 10:00 a. m. of October 1, 1956, and plaintiff took default judgment, interlocutory in character, against Joyce Snider soon after 10:00 a. m. of return date, October 1, 1956. * * Crandall's attorney admitted in open Court that Crandall was in possession of the automobile in question by force of a replevin bond that gave him possession. Plaintiff introduced a title certificate that was not signed by Joyce Snider but had a signature upon the same that appeared to be 'C. R. Crandall', but Crandall's attorney would not admit that his client was the C. R. Crandall that so signed the certificate; the certificate recited plaintiff's lien upon the automobile. * * * The Court concludes, as a matter of law: * * * (2) That plaintiff's default interlocutory judgment was not void, but was voidable. (3) that as long as the judgment was in existence upon the docket sheet and existed upon the record as an entered judgment, plaintiff had no duty to controvert a plea of privilege that was not actually before the Court at the time the judgment was entered. (4) That plaintiff had a reasonable excuse for not filing a second controverting affidavit. (5) That it was within the discretion of the Court to determine that the excuse for not so filing the second controverting affidavit was a reasonable excuse. (6) That plaintiff's first controverting affidavit was sufficient to establish a factual situation as to the place of performance of the contract, so as to give this Court jurisdiction over the subject matter. (7) That once the subject matter was found to be within the jurisdiction of the Court, all collateral issues were so merged in the main action as to give the Court jurisdiction over all of such, as well as over all necessary parties. (8) That a person in possession of the security was a necessary party to a foreclosure suit. (9) The contract being performed in Dallas County, venue is in Dallas County."

Appellants' appeal is based on two points: The errors of the Court: (1) In holding that appellee had a reasonable excuse for the late filing of its controverting affidavit in response to the plea of privilege of Joyce Snider; and (2) in holding that venue was properly laid in Dallas County as to C. R. Crandall as a necessary party to the action against Joyce Snider when the action against Joyce Snider was not maintainable in Dallas County.

█ Appellants' two points take no notice whatever of the filing by appellee of its first controverting affidavit on September 10, 1956 and the legal effect of that instrument. As we have already pointed out, the first controverting affidavit was directed expressly to both Crandall and Snider by name. Though at the time this controverting affidavit was filed it was premature as to Snider, it is our opinion that it matured as to Snider and became effective as a controverting affidavit as to her as soon as she filed her plea of privilege on September 29, 1956. Thus the late filing of the second controverting affidavit seems to us to become immaterial. We think that the judgment of the trial court should be affirmed because of the filing by appellee of the controverting affidavit of September 10, 1956 regardless of what merit there may or may not be in appellants' attack on the second controverting affidavit filed October 12, 1956.

As to appellants' first point on appeal: We believe the law for many years has been (and we do not believe it was changed by the amendment of Rule 86, effective January 1, 1955) that though the timely filing of a controverting affidavit is ordinarily mandatory, it is not so in the presence of a waiver or agreement to the contrary, *or of a showing of good cause for the failure sooner to file the plea.* Rule 5, T.R.C.P.; 43–B Tex.Jur. 309–315. Though the case of Bell v. Jasper Lumber Corp., Tex.Civ.App., 287 S.W.2d 746, might at a first reading seem to hold to the contrary, we believe it is not in point under the facts now before us. The issue of good cause for a late filing of a controverting plea was not before the court in the Bell case, and was not passed on by the court. Nor was the court called on to pass on the effect of Rule 5, T.R.C.P. The law as we believe it to be has been applied in a later case decided since the Amendment of January 1, 1955 went into effect. Norwood v. Forster, Tex.Civ.App., 290 S.W.2d 576, and cases there cited.

Under all the circumstances of this case we cannot say that the trial court abused its discretion in allowing appellee to file its second controverting affidavit on October 12, 1956. And under the facts presented in this record, the court properly overruled Snider's plea of privilege.

It was admitted in open court that appellant Crandall, following sequestration, filed a replevy bond and now has possession of the automobile. There is also in evidence a title certificate to the car showing title in Crandall, with appellee as a lien holder. Crandall clearly claims an interest in the property in controversy, so is a necessary party to the suit for debt and foreclosure. Deal v. Grand Finance Co., Tex.Civ.App., 228 S.W.2d 984. As we have held that the plea of privilege of Snider was properly overruled, we must hold that under art. 1995, subd. 29a, V.A.C.S., the plea of Crandall was also properly over-

ruled. 43–B Tex.Jur. 441; 1 McDonald, Texas Civil Practice, 412, 413.

Appellants' two points on appeal are overruled.

The judgment of the trial court is affirmed.