L. G. (Jack) THOMPSON, Appellant,

v.

J. G. O'DONOHOE, Appellee.

No. 5167.

Court of Civil Appeals of Texas, Waco.

May 31, 1972.

**712**

John M. Gillis, Dallas, for appellant.

Sanders, Masters & Watson, Wichita Falls, for appellee.

## OPINION

**McDONALD, Chief Justice.**

This is an appeal by appellant Thompson from an order sustaining appellee O'Donohoe's plea of privilege to be sued in Wichita County, the county of his residence.

Appellant sued appellee in Dallas County. Appellee filed a single instrument containing a plea in abatement; a plea of privilege "subject to the plea in abatement"; and a general denial, subject to the foregoing pleas.

Appellant controverted the plea of privilege.

The trial court set and heard the plea of privilege and after hearing, entered an order reciting that appellee "moved to strike" from his plea of privilege the words "subject to the foregoing plea in abatement", which motion "was granted"; that no evidence was presented by appellant, but appellant contended appellee "had waived his plea of privilege by arranging the plea in abatement * * * before his plea of privilege" in his answer; that all parts of appellee's answer were filed simultaneously, and the first matter considered by the court was the plea of privilege; that the plea of privilege is sustained; and the cause transferred to Wichita County.

Appellant appeals on one point: "The trial court erred in sustaining appellee's plea of privilege, said plea having been filed subsequent to and subject to plea in abatement".

Appellee filed in one instrument: 1) his plea in abatement; and 2) his plea of privilege, subject to his plea in abatement.

Appellant controverted the plea of privilege.

The trial court set hearing on the plea of privilege; the parties were present; appellant did not invoke any action of the court on the plea in abatement, but moved the court to strike from his plea of privilege, "subject to the foregoing plea in abatement", which motion the court granted.

The test as to whether appellee waived his plea of privilege is not whether he filed the plea in abatement, but whether he invoked the action of the court on such plea in abatement prior to insisting on his plea of privilege. Here appellee insisted only on his plea of privilege, and did not invoke action on the plea in abatement.

In such situation appellee did not waive his plea of privilege. Hagood v. Dial, 43 Tex. 625; Martin v. Kieschnick, Tex.Com.App., 231 S.W. 330; O'Neal v. Texas Bank & Trust Co., 118 Tex. 133, 11 S.W.2d 791; Talbert v. Miles, Tex.Civ. App. (NWH), 477 S.W.2d 710.

Appellant's point is overruled.

Affirmed.