**CATTLE LAND OIL CO., Appellant,**

v.

**WILLIS DRILLING COMPANY, INC.,**
**Appellee.**

No. 886.

Court of Civil Appeals of Texas,
Corpus Christi.

April 30, 1974.

Porter, Taylor, Gonzalez & Thompson,
Corpus Christi, for appellant.

Bates & Hendrix, Edinburg, for appellee.

OPINION

PER CURIAM.

This is an attempted appeal from the trial court's order overruling appellant's plea of privilege. A hearing on the issue of venue was held on February 28, 1974; the trial court notified the parties on March 4, 1974 that appellant's plea of privilege would be overruled. The judgment overruling same was rendered, signed, and entered on March 14, 1974. The clerk of the district court did not send counsel for appellant the postcard notice notifying appellant of the signing of the order overruling the plea of privilege, as provided in Rule 306d, Texas Rules of Civil Procedure. Appellant, however, received actual notice of the rendition, signing and entry of such order on March 16, 1974, filed notice of appeal and appeal bond on March 21, 1974,

and ordered the transcript and statement of facts on March 22, 1974. The transcript and statement of facts were tendered to the Clerk of this Court for filing on April 9, 1974, which was twenty-six days after the judgment overruling the plea of privilege was signed, rendered and entered.

■ Appellant, on April 9, 1974, filed a motion in this Court for an extension of time for the filing of the statement of facts and the transcript "so that same may be filed on or before April 10, 1974". It is contended by appellant that good cause exists for the granting of such motion because of the failure of the district clerk to comply with Rule 306d. The question thus arises as to the efficacy of the attempted filing of the record by appellant, and the power of this Court to accept the record.

Rule 385, T.R.C.P. states:

"Appeals from interlocutory orders (when allowed by law) may be taken by

\* \* \* \* \* \*

(b) Filing the record in the appellate court within twenty days after rendition of the order appealed from. Provided, that upon the filing of a motion in the appellate court within such twenty-day period, or within five days thereafter, showing good cause therefor, such court may grant a reasonable extension of time in which to file such record or any part thereof."

■■ The time limits imposed by Rule 385 are mandatory and jurisdictional. Walker v. Cleere, 141 Tex. 550, 174 S.W. 2d 956 (1943). The timely filing of the record in compliance with the Rule is necessary to confer jurisdiction of an appeal of an interlocutory order from the trial court to the Court of Civil Appeals. State v. Gibson's Distributing Company, 436 S. W.2d 122 (Tex.Sup.1968).

■ The authority of the Court of Civil Appeals to extend the time for filing the record beyond the twenty day period arises only when a motion is filed within the twenty day period or within five days thereafter showing good cause therefor. Homestead Lumber Co. v. Harris, 178 S. W.2d 161 (Tex.Civ.App.—Waco 1944, n. w. h.); Texas State Bank of Alice v. John F. Grant Lumber Co., 169 S.W.2d 224 (Tex.Civ.App.—San Antonio 1943, n. w. h.).

■ Since the record was not tendered for filing in this Court within the prescribed twenty days, nor was a motion filed to extend the time for filing same within five days after the prescribed twenty days, this Court is without jurisdiction to consider the appeal. Williams v. Pitts, 151 Tex. 408, 251 S.W.2d 148 (1952); Tinney v. Tinney Produce Company, 324 S.W.2d 268 (Tex.Civ.App.—Houston 1959, writ ref'd); Davis v. Campbell, 319 S.W.2d 758 (Tex.Civ.App.—Amarillo 1958, n. w. h.); Fred Hall & Son v. New, 279 S.W.2d 174 (Tex.Civ.App.—Waco 1955, n. w. h.). See also Edwards v. Hughes, 377 S.W.2d 235 (Tex.Civ.App.—Corpus Christi 1964, n. w. h.); Thacker v. Thacker, 490 S.W.2d 234 (Tex.Civ.App.—Amarillo 1973, n. w. h.).

■ Appellant's contention that the failure of the district clerk to send the postcard notice "tolled" the running of time for the filing of this record cannot be sustained. A close look at Rule 385 shows that the record must be filed "within twenty days after rendition of the order appealed from" and not within twenty days after notice to the appellant of the order appealed from. Moreover, Rule 306d further provides: "Failure to comply with the provisions of this rule (by the clerk) shall not affect the finality of the judgment or order". Good cause is not shown by appellant as to why his motion for extension of time to file the record could not have been filed within twenty-five days, with or without the record.

If the quoted provisions of Rule 385 are mandatory, exclusive and jurisdictional, as we hold they are, then the fact that appellant filed the record six days late and his motion for extension of time one day late,

regardless of the reason why the record or motion was not sooner filed, all became immaterial insofar as the power of this Court is concerned.

The motion for extension of time within which to file the record is denied. The appeal is dismissed.