**EAGLE LIFE INSURANCE COMPANY, Appellant,**

v.

**Theresa OWENS, Appellee.**

**No. 8442.**

Court of Civil Appeals of Texas, Texarkana.

March 22, 1977.

Rehearing Denied April 19, 1977.

Charles M. Jefferson, Davis & O'Connor, San Antonio, for appellant.

Harry B. Friedman, Errol N. Friedman, Harkness, Friedman & Kusin, Texarkana, for appellee.

CHADICK, Chief Justice.

This is a venue case. The trial court overruled a joint plea of privilege and its proponents have appealed. Judgment of the trial court is reversed and the case is remanded for entry of an order sustaining the plea of privilege and transferring the case.

Mrs. Theresa Owens (plaintiff-appellee) filed suit in Bowie County against Eagle Life Insurance Company and Heritage Insurance Managers (defendants-appellants) to collect the proceeds of a life insurance policy alleged to have insured the life of Mrs. Owens' deceased fifteen-year-old daughter. The insurance and the management companies answered Mrs. Owens' suit with a joint plea of privilege, filed June 21, 1976, to be sued in Bexar County. On the second day after the plea of privilege was filed, Mrs. Owens responded to it by filing a motion to quash. Thirty days thereafter, on July 23rd next, the companies filed an amended joint plea of privilege. Four days after the companies filed their amended plea, Mrs. Owens filed a response to it specifically controverting the amended plea and claiming venue in Bowie County under provisions of Tex.Rev.Civ.Stat.Ann. Art. 1995, Subdivs. 5, 23 and 28. The companies moved to strike Mrs. Owens' controverting affidavit during the plea of privilege hearing, August 23, 1976, and their motion was overruled.

From the filing dates of the several pleadings, it is apparent that Mrs. Owens did not controvert the companies' original plea of privilege for more than thirty days after she had notice of it although she did promptly controvert the amended plea within two days after its filing. The procedure for controverting a plea of privilege is set out in Tex.R.Civ.P. 86. The rule provides that controverting affidavits must be filed on behalf of the party controverting the plea of privilege "within ten days after he or his attorney of record received the plea of privilege." As a general proposition it may be said that when a timely controverting affidavit is not filed, the situation here, the trial judge must sustain the plea of privilege and transfer the case as prayed unless timely filing is excused by: 1) an order pursuant to Tex.R.Civ.P. 5 enlarging the time in which the controverting affidavit may be filed; or 2) dismissal from the case of the defendant filing a plea of privilege; or 3) the defendant waiving the ven-

ue issue before filing a plea of privilege.* See 1 McDonald's, Texas Civil Practice, Sections 4.46.1, 4.46.2, 4.47 and 4.48. Rule 86 does not within itself provide for enlargement of time in which a controverting affidavit may be filed or recognize any circumstance as justifying tardy filing. Therefore, inability to respond within the prescribed time, the pendency or condition of other pleadings and motions except as indicated, do not relax the provisions of the rule. To enlarge the time for tardy filing resort must be made to Rule 5. It, Rule 5, permits enlargement of time, even though the time prescribed by Rule 86 has expired. *Turner v. Garber*, 232 S.W.2d 173 (Tex.Civ. App. Dallas 1950, no writ); *Texas-Louisiana Power Co. v. Wells*, 121 Tex. 397, 48 S.W.2d 978 (Tex.Comm.App.1932, opinion adopted).

## ENLARGEMENT OF TIME

During the plea of privilege hearing, counsel for the companies objected to evidence tendered by Mrs. Owens in support of her controverting affidavit and urged the companies' written motion to strike Mrs. Owens' plea. At this juncture, Mrs. Owens' counsel stated to the court that he did not believe Mrs. Owens was "required to file a controverting affidavit until such time as there was some action on" her motion to quash theretofore filed. Counsel proceeded to explain to the court the basis of the motion to quash as well as how the companies' amended plea of privilege then before the court differed from their original plea of privilege which had been superseded. Counsel for Mrs. Owens did not at that or at any other time move the court to permit Mrs. Owens' controverting affidavit to be considered as timely filed. At the conclusion of counsel's statement the court overruled the companies' motion to strike Mrs. Owens' controverting affidavit and continued with the hearing.

* A plaintiff's motion to strike raises the issue of waiver of venue by defendant in the absence of a controverting affidavit, when before filing the plea, the defendant has invoked the judicial power of the court. See *Ware v. Texboro Cabinet Corporation*, 350 S.W.2d 47 (Tex.Civ.App. Texarkana 1961, writ dism'd). A motion to strike or quash under such circumstances is

■ The portion of Rule 5 pertinent to the issue here is:

"When by these rules or by a notice given thereunder or by order of the court an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion (a) with or without motion or notice, order the period enlarged if application therefor is made before the expiration of the period originally prescribed or as extended by a previous order; or (b) upon motion permit the act to be done after the expiration of the specified period where good cause is shown for the failure to act; . . ."

Under the two standards prescribed by this rule a court may, pursuant to part (a), without notice enlarge the time in which a controverting affidavit may be filed if application for enlargement of time is made before expiration of the time originally prescribed in Rule 86. Significantly and in contrast with part (a), after expiration of the period originally prescribed a court is not authorized by part (b) to grant relief on its own motion. With reference to good cause for tardy filing, an application for enlargement of time in which to file a controverting affidavit must be determined by the circumstances in the particular case. For good cause to exist a plaintiff must free himself of any implication of negligence, and show that some mistake or overreaching or some actual or constructive fraud upon the part of the defendant or his attorney induced delay. See 1 McDonald's, Texas Civil Practice, Section 4.48.

■ To summarize, Mrs. Owens did not expressly move the trial judge to allow her to tardily file her controverting affidavit nor did she apply to the court for enlargement of time in which to do so. Refusing

not to be confused with pleas in bar, in abatement and to the jurisdiction as defined in *Texas Highway Department v. Jarrell*, 418 S.W.2d 486 (Tex.1967), nor, for that matter, with special exceptions to the sufficiency of the plea of privilege. See *Peacock v. Bradshaw*, 145 Tex. 68, 194 S.W.2d 551 (1946).

to file her controverting affidavit while her motion to quash was pending was an independent decision in no way influenced by the companies. When all facts are taken into account, though it be conceded that consent for tardy filing may be implied as in *Norwood v. Forster*, 290 S.W.2d 576 (Tex. Civ.App. Waco 1956, no writ), good cause is not shown. It will become apparent in the following discussion that Mrs. Owens' motion to quash did not raise a venue issue and was merely a routine motion that would have been appropriate as a part of a controverting affidavit. To permit such motion to stay the time for filing a controverting affidavit would frustrate a principal purpose of Rule 86. See *Live Oak County v. Lower Nueces River Water S. Dist.*, 352 S.W.2d 139 (Tex.Civ.App. San Antonio 1961, writ dism'd); *Terrell v. Vandergriff*, 351 S.W.2d 910 (Tex.Civ.App. Amarillo 1961, no writ).

## MOTION TO QUASH

The form, content and allegation of the original plea of privilege filed by the companies complied with the requirements of Rule 86 and in addition contained a paragraph immediately preceding the prayer in this language:

"The Defendants specifically state that at the time TERRI V. GATLIN died she had no valid insurance policy with either of them. The only life insurance policy TERRI Y. GATLIN had with EAGLE LIFE INSURANCE COMPANY was a thirty-day policy, which had already expired at the time of her death."

The relief prayed in the plea of privilege instrument was that the case be transferred to Bexar County. On the second day after the original plea of privilege was filed, Mrs. Owens responded to it by filing a motion to quash ". . . for the reason that said plea of privilege contains an answer . ." to Mrs. Owens' pleadings. The companies' amended plea of privilege dropped the quoted allegation but made no other change. As previously noted, Mrs. Owens responded to the amended plea of privilege promptly. At the hearing on the plea of privilege Mrs.

Owens' motion to quash was not presented to the court and was expressly abandoned.

■ If Mrs. Owens' motion to quash had merit, sustaining it would constitute a basis for the judgment rendered below. The circumstances render it unlikely that the trial court intended to found judgment on it; however, to avoid the implication of the judgment in this respect it will be demonstrated that the motion to quash was not meritorious. Earlier it was recognized that a motion to strike or quash is appropriate when a defendant, before filing a plea of privilege, invokes the judicial power of the court. The purpose of the companies' previously quoted allegation in the original plea of privilege is obscure but there was no prayer for judgment upon the allegation and nothing in the record shows the companies at any time invoked the trial court's power to decide the allegation in a manner that negatived a continuing intent to insist upon the plea of privilege. The allegation, standing alone, did not waive the plea of privilege. See *Pit Construction Co. v. West Texas Equipment Co.*, 494 S.W.2d 642 (Tex. Civ.App. Amarillo 1973, writ dism'd); *Geary, Hamilton, Brice & Lewis v. Coastal Transp. Co.*, 399 S.W.2d 878 (Tex.Civ.App. Dallas 1966, no writ); *H. Molsen & Co., Inc. v. Williamson*, 510 S.W.2d 366 (Tex.Civ.App. Dallas 1974, no writ); *Hickman v. Swain*, 106 Tex. 431, 167 S.W. 209 (1914); *Thompson v. O'Donohoe*, 482 S.W.2d 711 (Tex.Civ. App. Waco 1972, no writ); *O'Neal v. Texas Bank & Trust Co. of Sweetwater*, 118 Tex. 133, 11 S.W.2d 791 (Tex.Comm.App.1929, opinion adopted). The motion to quash was not in order and did not justify failure to file a controverting affidavit.

There is no suggestion in the record that either of the companies was dismissed after filing their joint plea of privilege. For the reasons discussed, it becomes the duty of this Court to reverse the judgment of the trial court and to remand the case to the trial court with instructions to enter judgment sustaining the plea of privilege and an order transferring the case to Bexar County, Texas. It is so ordered.